EUGENE FELLOWS v. MARY A. CANNEY.

*Removal of cause because of interest of circuit judge—Petition to circuit court commissioner—Jurisdiction.*

1. A petition for the removal of a cause under How. Stat. § 6495, which states that the presiding judge was counsel for the petitioner, and assisted her in selecting a jury on a former trial, and that, on the case being called for a second trial before him, he announced that he could not try it, as he had been so interested before assuming his duties as judge, is sufficient to give jurisdiction.

2. On *certiorari* from a circuit court commissioner to review proceedings for transferring a suit to another circuit on account of the interest, etc., of the presiding judge, in the absence of conflict of testimony, the Court will determine, as a question of law, whether the commissioner was correct in his conclusion; but, if such conflict exists, the finding of the commissioner must control. *Curtis v. Wilcox,* 73 Mich.——(41 N. W. Rep. 863).

Certiorari to the circuit court commissioner of Muskegon county to review proceedings for transfer of suit. Argued

February 15, 1889.   Proceedings sustained June 28, 1889. The facts are stated in the opinion.

*J. C. FitzGerald, Nelson DeLong,* and *Stephen H. Clink,* for petitioner.

*George A. Farr,* for respondent.

SHERWOOD, C. J.  In 1886, the defendant in error commenced a suit, in the circuit court for the county of Muskegon, against the plaintiff.  An issue was joined therein, and the cause was tried before Judge Russell, with a jury, at the October term, 1887, and the defendant prevailed.  At the time of the trial, Mrs. Canney resided in Muskegon, and Mr. Farr, of Ottawa county, was her attorney in the suit.  Mr. Fellows resided in Nebraska, and Mr. DeLong, of Muskegon, was his attorney.

On the seventeenth of November, Mrs. Canney, by her attorney, moved the court to set aside the verdict and judgment, and grant a new trial.  This motion was heard by Judge Russell, who, on the twenty-ninth of December, granted the same, and ordered a new trial.  His term of office expired on December 31, 1887, and on the first day of January he was succeeded by Judge Dickerman upon the bench.

On the fourteenth of February following Mrs. Canney, believing Judge Dickerman to be disqualified, by reason of his having been her attorney and having previously done some business for her in her case, to sit in the same upon the second trial, filed her petition before Circuit Court Commissioner Bassett, of Muskegon, praying for the removal of the case for trial to Ottawa county.

On the twentieth of February, 1888, a hearing was had on the motion before said commissioner, which resulted in his making an order for the removal of said cause to Ottawa circuit for trial.

The defendant below now asks a review of the proceedings

had before the commissioner upon *certiorari*, and contends that the order of the commissioner should be vacated for the following reasons:

"1. Because the said commissioner sustained the objection of the said plaintiff's attorney to the question asked by this deponent of the witness John Tait.

"2. Because the said commissioner held and decided that it was immaterial, upon the hearing of said petition, who the attorney of record for said defendant in said cause was, or in what county he resided, if he became such attorney subsequent to the filing of said petition.

"3. Because neither the evidence upon the hearing of said petition, nor the finding of facts by said commissioner, authorized said commissioner to make the said order to remove the said cause for trial from the circuit court for the county of Muskegon to the circuit court for the county of Ottawa.

"4. Because the said petition was insufficient and void in law, and the proceedings had before said commissioner did not confer jurisdiction upon said commissioner to make said order of removal."

We think the petition was sufficient to give the circuit court commissioner jurisdiction. She says in her petition that Judge Dickerman was counsel for her in her sail cause, and assisted her attorney in selecting the jury for the trial thereof at the October term, 1887, and has otherwise counseled her therein; and that after his accession to the bench, and when her cause was called for trial, he announced he could not try the cause, as he had been interested as her counsel therein before assuming his duties as judge. We think that this statement, with the other facts stated by her, was sufficient. How. Stat. § 6495.

John Tait was examined as a witness, upon the hearing before the commissioner, for the defendant. He was clerk of the circuit court, and the commissioner refused to allow him to state who was at that time attorney of record for defendant. This ruling was proper, as who was the attorney of the defendant at the time the petition was filed was the

only question material upon this point. The fact that another attorney had been employed and substituted after the petition was filed could not properly be considered before the commissioner.

The only remaining question is: Was the evidence upon the question of Judge Dickerman's acting as Mrs. Canney's attorney or counsel in the case sufficiently made to appear either by the testimony or upon the finding of the circuit court commissioner? If there had been no conflict of testimony upon the subject, it would be, upon this record, a question for this Court to determine and ascertain whether the circuit court commissioner was correct in the conclusion he reached. It would become one of law, merely. *Curtis v. Wilcox*, 73 Mich. ——(41 N. W. Rep. 863). But there was a conflict of testimony upon the question in this case, and the finding of the commissioner must control; and which, I think, was clearly supported by the preponderance of the proofs.

Mrs. Canney testified before the commissioner that—

" After this cause was commenced, and before the first of January, Mr. Dickerman counseled me in this matter. This case was tried in the fall in this circuit. Judge Dickerman assisted in striking a jury in the case."

On her cross-examination she further testified:

"I did go to Judge Dickerman's office, and talk with him about this case. Never stated the detailed facts; not in every point. I could not tell you what I said. He advised me with reference to what I did. He drew papers for me in the matter of a new trial."

She further said:

" He told me that I had a good case, and Eugene [the defendant] ought to pay."

Judge Dickerman denies this last statement, in giving his testimony, but says:

" I have been attorney or counsel of Mary Canney in that

case, not of record.   She has paid me fees for drawing affidavits for a motion for a new trial.   *   *   *   I never counseled with her as to the subject-matter of that case."

He also declined to preside at the trial of the case because of his connection with the same.   Indeed, this question was put to him by Mrs. Canney's counsel :

"Would not you refuse to sit as trial judge by reason of your employment on this case?"   And he answered, "Yes, sir."

I think the showing must be held sufficient for the removal of the case, and the action of the circuit court commissioner must be sustained.

The other Justices concurred.