WALKER *et al.* v. ELLIS, *Appellant.*

In Banc, December 6, 1898.

Change of Venue: EQUITY CASES. The words of the statute granting a
change of venue "in any civil suit" when "the inhabitants of the
county are prejudiced against the applicant," apply to equity cases,
as well as to any civil action within the meaning of the code of
practice. Nor will such plain words be held to have a narrower mean-
ing although no jury can of right be demanded in equity cases.

*Appeal from Jasper Circuit Court.* — HON. JOHN H.
FLANIGAN, Special Judge.

REVERSED AND REMANDED (*with directions*).

*George Hubbert* for appellant.

(1)   The defendant was entitled to change of venue
from the Jasper circuit court and from that county
upon his application and affidavit.   As the expressed
and positive law stood and stands "there shall be in
this State but one form of action for the enforcement
or protection of private rights, redress or prevention of
private wrongs, which shall be denominated a civil
action."   R. S. 1889, sec. 1989.   "A change of venue
may be awarded in any civil suit to any court of record,
for any" of the named causes.   R. S. 1889, sec. 2258.
(2)   The word "may" in section 2258 means shall, and
the court had no discretion to deny the desired change.
Invariably it has well been held that where the appli-
cation for change of venue, under this and like statutes,
is sufficient in substance and form, the court has no
power to deny the application, and its proceedings in
the cause thereafter are at least erroneous.   *Mix v.
Kepner*, 81 Mo. 93; *Dowling v. Allen*, 88 Mo. 293; *State
v. Shipman*, 93 Mo. 147; R. S. 1889, sec. 2135.

*Thomas & Hackney* for respondents.

(1)   It has become a settled rule of practice in this. State, founded upon a fair and rational construction of the statute, that in equity cases, where no jury can be demanded as of right, a change of venue will not be awarded a party on objections to the inhabitants of the county. *Lee v. Smith*, 84 Mo. 303; *Wolf v. Ward*, 104 Mo. 127; *Capital City Ferry Co. v. Transfer Co.*, 51 Mo. App. 228; *Railroad v. Railroad*, 118 Mo. 619. (2)   This construction of the statute has been recog-- nized by the legislature by the re-enactment of section 2258, in 1889, without change. The legislature has also, at various sessions, made alterations in other sections. of the change of venue law, but left this section stand- ing without change. This can be construed only as a further recognition of the correctness of the construc- tion placed upon it by the courts. *Handlin v. Morgan Co.*, 57 Mo. 116.

IN DIVISION ONE.

BARCLAY, P. J.—Plaintiffs are heirs of William Walker, deceased. Their petition, filed May 14, 1892, states two causes of action to set aside a mining lease by him to defendant. The lease was executed Novem- ber 18, 1890, about one year before the death of Mr. Walker. The first count charges (in substance) that he was very old, mentally incapable of transacting business; that he was plied with free liquor by defend- ant, and was fraudulently induced by undue influence to make the lease.

The second count advances other facts with a view to the same relief asked in the first count (namely: cancellation of the lease as a cloud on plaintiffs' title as heirs of Mr. Walker); but as the second count was.

dismissed before submission to the trial court, we need not refer to it again.

The lease sought to be set aside purports to convey to defendant (for a recited consideration of one dollar) the exclusive right to dig, bore and otherwise seek minerals on a tract of land in Jasper county, for a term of twenty-five years, upon a "royalty" of seven per cent of the mineral obtained. The lessee was required to commence search for the minerals within six months from the date of the lease; but he might discontinue operations at any time thereafter.

The lease is a document of some length. We have mentioned only some of its principal features.

When the cause came to trial Judge ROBINSON, the regular circuit judge, declined to sit, having been of counsel. An election for special judge was held, at which Mr. E. O. BROWN was chosen. Defendant then filed a motion for the trial of the issues of fact by a jury, and also a duly verified application for a change of venue. The change was demanded on the alleged grounds of prejudice of the special judge, and of the undue influence of plaintiffs over the inhabitants of the county, etc. The application was overruled as to the latter ground, but it was sustained to the extent that the learned special judge retired, and gave place to another, Mr. JOHN H. FLANIGAN, who was thereupon duly chosen for the particular case by another election. Defendant saved exception to the ruling. The motion for change of venue (on the alleged ground of plaintiffs' undue influence over the inhabitants) was then renewed, and in the motion it was urged that Special Judge FLANIGAN had no jurisdiction to proceed (otherwise than to order a change of venue). But the motion was overruled.

The trial came on, and a great deal of testimony was heard. At its close defendant made a motion for

certain special findings of fact.    The court (after responding by a series of findings that need not be recited) entered a decree canceling the lease and divesting defendant of all right and interest conveyed thereby.

Defendant then moved for a new trial on various grounds, which need not be quoted.    He also moved in arrest because of want of jurisdiction in the court to determine the issue, after his application for change of venue.    These motions were overruled.    Defendant saved proper exceptions, and took an appeal to the Supreme Court in due course.

The first error assigned here is the ruling on the motion for change of venue.    The application for the change was formally sufficient.    It was seasonably filed, on proper notice, and the only reason assigned by plaintiffs' learned counsel to justify the ruling denying it is the claim that in equity cases (when no jury can of right be demanded) a change of venue will not be awarded to a party on mere objections to the inhabitants of the county.    That reason is supposed to have support in the cases of *Lee v. Smith* (1884) 84 Mo. 304, and *Wolff v. Ward* (1891) 104 Mo. 127.    In each of those cases the circuit ruling on the motion for change of venue was approved on another ground than that on which plaintiffs' rely in the suit at bar, although the proposition here asserted by plaintiffs is also laid down as one of the reasons for the conclusion reached on the subject of a demand for a change of venue. That proposition in each of the cases cited was not essential to the judgment or to the ruling on the change of venue branch of the case.    So the expression of opinion in those cases we do not regard as sufficiently decisive to introduce into the statute a condition which is not written there.

The section stating the general grounds for a change of venue in civil actions is as follows:

"A change of venue may be awarded in any civil suit to any court of record, for any of the following causes: *First*, that the judge is interested or prejudiced, or is related to either party, or has been of counsel in the cause; *second*, that the opposite party has an undue influence over the mind of the judge; *third*, that the inhabitants of the county are prejudiced against the applicant; *fourth*, that the opposite party has an undue influence over the inhabitants of the county; but in no case shall more than one change be granted either party." (R. S. 1889, sec. 2258).

This language is very plain. It makes no distinction between cases to be tried by the court and those to be tried by a jury. To ingraft such a distinction on terms so clear in the written law would be to limit the application of the statute to a narrower field than its language comprehends. The theory of this law, so far as it refers to the prejudice of, or undue influence over, the inhabitants, appears to be that a party is to be spared the ordeal of having his case tried in a locality where he believes such prejudice or undue influence to exist. The legislative idea in the law evidently is that when a party is willing to swear to such prejudice or undue influence, the State will not compel him to submit his rights to trial in an atmosphere charged with so hostile an influence. The law does not say that those causes for changing the place of trial are only to apply in cases where the "inhabitants" are to take a hand in the trial, as part of the court machinery. The section in question says "in any civil suit." The term "suit" certainly is appropriate to include a suit in equity. It is indeed the most appropriate term, although the word is evidently not employed in that section in a technical sense, but in its broader reach,

to import any civil action within the meaning of the code of practice. (R. S. 1889, sec. 1989).

But, without further discussing the supposed reasons for the statutory provision in question, it seems enough to announce that we feel bound to enforce the positive command which the law contains. It has been positively held that where an application is duly presented, based on one of the grounds stated in section 2258, it is the duty of the court to grant the change of venue. *Corpenny v. Sedalia* (1874) 57 Mo. 88.

The fact that a case involves equitable rights does not take it out of the operation of the statute if it is a civil suit, as therein described; and whatever remarks appear to the contrary in former opinions should not be regarded as authoritative.

The learned trial court should have granted the motion to change the venue. The judgment is reversed and the cause remanded with directions to sustain the said application that the cause may then proceed in due course. MACFARLANE and BRACE, JJ., concur. ROBINSON, J., does not take part for the reason that is stated in the opinion.

### IN BANC.

PER CURIAM.—The foregoing opinion of BARCLAY, P. J., Division No. 1, upon a rehearing by the court *in banc*, is adopted by the majority of the court, GANTT, C. J., BRACE, WILLIAMS and BURGESS, JJ., concurring. SHERWOOD and MARSHALL, JJ., dissenting. ROBINSON, J., took no part in the decision of this cause, having been of counsel.