# HUHN v. QUINN.
## (No. 707.)

TRIAL—CHANGE OF VENUE—CHANGE OF JUDGE—EFFECT OF AFFIDAVIT
OF PREJUDICE—JURISDICTION—DISTRICT COURT COMMISSIONERS—
POWERS OF—"CHAMBER BUSINESS."

1. An affidavit filed by a party in a civil action, as permitted
by Section 5142, Compiled Statutes, 1910, stating that said
party believes that, on account of the bias and prejudice
of the presiding judge of the court, he cannot obtain a
fair trial, when called to the court's attention, divests the
presiding judge of the court of further jurisdiction other
than to call in another district judge to preside in the
further proceedings and trial of the cause.

2. Under the Constitution (Article V, Section 14), which con-
fers upon a district court commissioner the power of a
judge in chambers under certain named conditions, the
power of such commissioner as a subordinate officer of
the court, and as to causes pending therein, is limited to
such proceedings, orders, or business as might be con-
ducted before or made or attended to by the judge at
chambers, and does not include the trial of a case on its
merits.

3. The provision of Section 14 of Article V of the Constitu-
tion, which authorizes the district court commissioner to
take depositions and perform such other duties as shall
be prescribed by law, was not intended to and does not
confer upon that officer the power of a judge to preside
in the trial of a case in open court.

4. The provision of Section 922, Compiled Statutes, which de-
fines the powers of a district court commissioner, that the
commissioner shall have power "to hear, try and determine
all issues whenever an application shall have been made
for a change of judge," does not attempt to authorize the
commissioner to try the issues in the cause itself, but only
the issues, if any, arising upon an application for a change
of judge. Whether the power may be lawfully conferred
upon such commissioner to hear an application for a
change of judge and determine whether or not it shall be
granted is not decided.

5. An application for change of judge includes the filing of the
affidavit therefor and calling the attention of the court or
judge thereto, and where the application has been so made

the judge becomes thereby divested of further authority in the matter, except to act upon the application, grant it if properly made, and call upon some other district court judge to preside in the further proceedings and trial of the cause; said judge is not thereupon authorized to direct the district court commissioner to preside in the court and hear and determine the cause.

6. Where a district court commissioner was called in by the district judge to preside in open court and hear and try a civil cause pending therein, his judgment in such case was void for want of jurisdiction, although subsequently approved by the court presided over by the district judge against whom an affidavit of prejudice had been filed prior to his directing the hearing of the case by the commissioner.

[Decided December 9, 1912.]　　　　　　　(128 Pac. 514.)

Error to the District Court, Johnson County; Hon. Carroll H. Parmelee, Judge.

The action was brought by Ned Quinn against William Huhn, and from a judgment in favor of the plaintiff the defendant brought error. The cause was heard and decided in open court by the District Court Commissioner, who had been called in for that purpose by the District Judge, upon the attention of said judge being called to the fact that an affidavit had been filed for a change of judge on the ground alleged in the affidavit that the party filing the same could not obtain a fair trial on account of the bias and prejudice of the presiding judge of the court. After the cause had been heard and decided and judgment rendered by the District Court Commissioner, the court, presided over by the District Judge, also entered a judgment in the cause in accordance with the report and determination of the commissioner and approving and confirming in all respects the action of the commissioner. The other material facts are stated in the opinion.

*Metz & Sackett,* for plaintiff in error.

Under Section 5142, Compiled Statutes, 1910, the District Judge against whom an affidavit of prejudice is filed

thereupon loses all jurisdiction in the cause, except to call in another District Judge to preside in the trial or further proceedings. (Baldwin v. Marygold, 2 Wis. 419; Reives v. Boyd, 7 Wis. 155; Herbert v. Beatherd, 26 Kan. 476; Smith v. State, 1 Kan. 345; People v. Hubbard, 22 Cal. 34, 37; Perkins v. McDowell, 3 Wyo. 203; Cutler v. Howard, 9 Wis. 309; Risto v. Harris, 18 Wis. 400; Bachman v. Milwaukee, 47 Wis. 435.) The Court Commissioner is not the court, nor is he the District Judge; he is an adjunct or officer of the court, without any power to render final judgment in a cause. (Mau v. Stoner, 12 Wyo. 485; State v. Ausherman, 11 Wyo. 435; State v. Finder (S. D.), 81 N. W. 959.) The District Court has no power to attach conditions to an order for a change of judge unless expressly permitted by statute. (Bentley v. Stowell, 52 N. W. 92.) This court takes judicial notice as to who are the judges of the various district courts. (Commissioners v. Shaffner, 10 Wyo. 181.) The powers of Court Commissioners are limited and cannot be extended by implication beyond the express language of the statute. Nowhere in the statute is any power granted to the commissioner to render final judgment in an action pending in the court. When the Court Commissioner presided and pretended to hear and determine this cause the District Judge was present in the county and actually holding court on the day that the commissioner heard the evidence and decided this case. This is shown by the record.

No effort was made to strike the defendant's answer from the files until after the affidavit for change of judge had been filed. If it be conceded that the court might strike the answer from the files in the absence of an affidavit for change of judge, it would be a violation of judicial discretion to refuse to permit the defendant to file an answer. The amended answer which was tendered, as well as the original answer, stated a good defense, and it was an abuse of discretion to deny the defendant the right to make any defense in the action.

*Hill & Griggs,* for defendant in error.

It may be conceded that had the defendant been properly in court with answer filed, and not in default, the District Judge would have had no discretion to do otherwise than to act upon the affidavit for change of judge as soon as called to his attention. The sole question here seems to be whether a defendant who is in default may disqualify the presiding judge, whose permission it is necessary to secure to permit the filing of a pleading. The defendant was not in court and had no right to file any paper in the cause without first obtaining leave of court. (Phillips Code Pl., Sec. 278; 31 Cyc. 134, 597-598; Adamson v. Bergen, 62 Pac. 629; Ry. Co. v. Linson, 18 Pac. 498; Hayward v. Goldsbury, 19 N. W. 307; Cowart v. Stanton, 30 S. E. 743; Comp. Stat., Secs. 4417-4418.) It was not an abuse of discretion to refuse the defendant leave to answer, but to have done otherwise would have been unjust to the plaintiff. (21 Ency. Pl. & Pr. 688, 689; Kent v. Upton, 3 Wyo. 43; McLaughlin v. Upton, 3 Wyo. 48; Casteel v. State, 9 Wyo. 267; Boswell v. Bliler, 9 Wyo. 277; Todd v. Peterson, 13 Wyo. 513; Cronkhite v. Bothwell, 3 Wyo. 736.) The filing of the affidavit of prejudice does not *ipso facto* divest the presiding judge of jurisdiction, but in addition to the filing of the affidavit it must be presented to the court in order to comply at all with the statute. Such an affidavit is a motion addressed to the court asking that another District Judge be called in to preside at the trial. In so far as the court must call in another judge, the motion is addressed to the court's discretion. If the mere filing of a motion would be sufficient, then no order or action on the part of the court would be necessary. It is evident that something more is necessary than merely filing the paper with the clerk. (20 Ency. Law, 1076; Wallace v. Lewis, 24 Pac. 22; Peters v. Vawter, 10 Mont. 208, 25 Pac. 428; Hoops v. Culbertson, 17 Iowa, 305.) The affidavit or motion for change of judge was, therefore, not before the court until presented to its attention, regardless of the time

when it was filed. A party cannot be permitted to submit to the jurisdiction of the court by waiving his rights to object until by some particular ruling he becomes fearful that the presiding judge is not favorable to his cause, and then for the first time raise a jurisdictional question. (State v. Clifford, 118 Pac. 41.) The affidavit for change not having been presented until the defendant was in default, the change might have been properly denied. (Hull v. Wallis, 2 How. Prac. Rep. 134; Vale v. Brooklyn &c. Ry. Co., 12 Civ. Proc. Rep. 102; Spalding v. A. W. Board Co., 39 N. Y. Supp. 203.) The statute provides that the judge against whom the affidavit of prejudice is filed shall call in another District Judge to preside in the trial. The order striking the answer was a preliminary matter arising before trial, and it was proper for the regular presiding judge to pass upon it. The trial is the determination of the issue, and until the issue is framed there can be no trial. (Lipscomb v. State, 76 Miss. 253.) The position of the Court Commissioner in hearing the cause was analogous to that of a referee. Upon his report the court rendered the final judgment; hence the question as to the power of the Court Commissioner to render final judgment is not important.

SCOTT, JUSTICE.

On March 11, 1911, the defendant in error as plaintiff filed his petition in the District Court of Johnson County seeking to recover from the plaintiff in error as defendant the sum of $2,692.75, with interest alleged to be due on a promissory note, and on two separate accounts for money loaned to the defendant upon his request. Summons was duly issued and served on March 13th, as appears from the return thereon and filed in the office of the clerk of that court on March 15, 1911. The time for filing an answer expired on April 8, 1911. On September 25th following, the defendant, without having obtained leave so to do, filed his answer consisting of a general denial. On October 2, 1911,

the defendant filed an affidavit which, omitting the formal parts, is as follows:

"William Huhn being first duly sworn on oath states, that he is the defendant in the above entitled cause. Affiant further says he believes that on account of the bias and prejudice of the presiding judge of this court he cannot obtain a fair trial. Wherefore, defendant respectfully asks that another judge of the District Courts of this state be called to preside at the trial of said cause. Further affiant sayeth not."

On October 3, 1911, or the next day after the filing of said affidavit, the plaintiff (Quinn) filed a motion to strike the answer from the files for the reason that it was filed without leave of court and not within the time required by law. On the same day this motion was presented to and sustained by the court, both parties being represented by counsel, and the answer was stricken from the files and permission was given to the defendant to make an application for permission to file an answer upon a showing by affidavit of a good and sufficient reason for not filing his answer within the time allowed by law. Thereupon and on the same day the defendant applied to the court for permission to file and tendered an amended answer and supported his application by affidavits and the plaintiff resisted said application and filed counter affidavits. Upon hearing the court denied said application, whereupon the defendant's attorney called the court's attention to the affidavit for a change of judge which had been filed the day preceding, and withdrew his application to file an amended answer and insisted on his right to have another judge called in to try the case. The court thereupon vacated so much of the order authorizing the presentation for filing of an amended answer, such application to be supported by affidavits showing good cause for not answering within the time allowed by law. The order of the court recites that the affidavit for change of judge was then for the first time presented to the court and the case was thereupon, over the defendant's

objection, referred to the Hon. S. C. Langworthy, Court Commissioner in and for the District Court of the County of Johnson, who was thereupon called to hear, try and determine the cause which was set for trial in open court before said commissioner at the court house in the city of Buffalo and County of Johnson, at two o'clock p. m. on the 4th day of October, 1911, at which time the following proceedings as shown by the journal entry were had, viz: "And now on this October 4, 1911, came on the above entitled matter to be heard before the court without a jury, the Honorable S. C. Langworthy, District Court Commissioner of Johnson County, Wyoming, presiding, pursuant to an order of this court, made and entered this October 4, 1911, directing the said District Court Commissioner to hear, try and determine the issues in this case; the plaintiff appearing in person and by Hill and Griggs, his attorneys, the defendant making no appearance herein.

"And the said court having heard the evidence, and being now fully advised in the premises, does find that there is due from the defendant to the plaintiff the sum of fifteen hundred dollars principal, and five hundred seventy-five dollars interest to the first day of the present term of this court upon a certain promissory note given to the plaintiff by said defendant, as alleged in said petition; that there is likewise due from the defendant to the plaintiff the sum of five hundred dollars principal and fifty-three and 33/100 dollars interest on account of the loan made by plaintiff to defendant as alleged in the second cause of action of plaintiff's petition; and that there is likewise due the sum of two hundred dollars principal and twenty-one and 33/100 dollars interest on account of the loan mentioned in plaintiff's third cause of action; whereby the said court, the said commissioner presiding, finds that there is due and owing from the defendant to the plaintiff, on account of the above matters, on the first day of the present term of this court the entire sum of two thousand eight hundred forty-nine and 66/100 dollars, no part whereof has been paid.

"Wherefore, it is hereby determined by the said court, said commissioner presiding, that the said Ned Quinn, plaintiff herein, should have and recover judgment of and against the said William Huhn, defendant herein, for the sum of two thousand eight hundred forty-nine and 66/100 dollars, together with his costs herein expended, taxed at $21.70.

"Done in open court.          S. C. Langworthy,
                    "District Court Commissioner."

And on the same day the court entered the following judgment:

"And now on this October 4, 1911, came on the above matter to be heard upon the report and determination of the Honorable S. C. Langworthy, District Court Commissioner, and the court having read said report and determination, and being now fully advised in the premises, hereby approves the same, and said report is in all respects confirmed..

"Wherefore it is hereby ordered and adjudged by the court that Ned Quinn, plaintiff herein, have and recover judgment against the defendant, William Huhn, for the sum of two thousand eight hundred forty-nine and 66/100 dollars, together with his costs herein expended, taxed at $21.70, including $10 fees for the Court Commissioner, which is hereby allowed and directed to be taxed.

"Done in open court.          C. H. Parmelee, Judge."

The affidavit for change of judge was sufficient to divest the presiding judge of further jurisdiction other than to call in another District Judge of the state to preside in the trial of the case, as provided by Sec. 5142, Comp. Stat., which, in so far as applicable to the question here, is as follows: "Whenever either party to a civil action in any District Court of the state shall file an affidavit in the case, stating one or more of the following causes: * * * "3. That the person making the affidavit believes that on account of the bias or prejudice, or interest of the presiding judge, he cannot obtain a fair trial. * * * The court in term or the judge in vacation shall * * * call on some other

judge of the District Courts of the state to preside in the trial of the case, as hereinafter provided."

The subsequent provision thus referred to in the section is found in Section 5144 and is as follows: "That when the application is based on the first, second, third and sixth subdivisions of Sec. 5142, the judge shall call upon some other judge of the District Courts of the state to preside in the trial of the said cause, who shall proceed in the case as if it had originally been brought before him." These provisions were in force prior to the adoption of the constitution and have ever since been and are now in force (R. S. 1887, Sec. 3400; R. S. 1899, Sec. 4282) just as they appear in Secs. 5142 and 5144 as above quoted. Sec. 14, Art. V, of the constitution is as follows: "The Legislature shall provide by law for the appointment by the several District Courts of one or more District Court Commissioners (who shall be persons learned in the law) in each organized county in which a District Court is holden, such commissioners shall have authority to perform such chamber business in the absence of the District Judge from the county or upon his written statement filed with the papers, that it is improper for him to act, as may be prescribed by law, to take depositions and perform such other duties, and receive such compensation as shall be prescribed by law." By Chap. 115, Laws of 1895, which appears as Chap. 75, Comp. Stat. 1910, provision was made for the appointment and qualification of District Court Commissioners, and Section 6 of the original act, appearing as Section 922, Comp. Stat. 1910, defines the powers of such officer, among which subdivision 4 of the section is as follows: "To hear, try and determine all issues whenever an application shall have been made for a change of judge."

It will be observed that Sec. 14, Art. V, of the constitution, supra, confers upon a District Court Commissioner the power of a judge in chambers under certain named conditions. This we think limits the power of the commissioner as a subordinate officer of the court and as to causes pending

therein to such proceedings, orders or business as might be
conducted before, or made or attended to by the judge at
chambers. Such power does not include the trial of a case
on its merits, but is among those "which are exercised in
preliminary, intermediate or *ex parte* matters not involving
the merits of a cause—powers which may be exercised by a
judge out of term, acting as a judge merely and not as a
court." (11 Cyc. 623, 624; Prignitz v. Fisher, 4 Minn.
366 (Gil. 275); Pulver v. Grooves, 3 Minn. 359 (Gil. 252);
Cushman v. Johnson, 13 How. Pr. (N. Y.) 495.) It should
be borne in mind that "a judge at chambers is simply a
judge acting out of court." (23 Cyc. 505.)

In the case here the Court Commissioner was not acting
in chambers, but presided at the trial and made and en-
tered findings in open court and as an act of the court.
The provision of Section 14, Art. V, of the constitution,
supra, authorizing the Court Commissioner "to take deposi-
tions and perform such other duties * * * as shall be
prescribed by law," was clearly, we think, not intended to
confer upon that officer the power of a judge to preside in
the trial of cases in open court. Sec. 11 of Art. V of the
constitution provides that "The judges of the District Courts
may hold courts for each other and shall do so when re-
quired by law," and Section 12, following, provides that
"No person shall be eligible to the office of judge of the
District Court * * * unless he be at least twenty-eight
years of age, * * * nor unless he shall have resided in
the State or Territory of Wyoming at least two years next
preceding his election." Sec. 5142, Comp. Stat., supra, is
mandatory in terms and is in line with the constitutional
provisions which construed together contemplate that no
one shall be qualified to preside over a District Court except
a District Judge. The commissioner as to matters pending
in the court is a subordinate officer of the court. He is not
a District Judge who alone possesses the power to preside
over a District Court. There can be no such court in the
absence of a qualified judge *de facto* or *de jure*. The Court

Commissioner is neither. The provision of Sec. 922, supra, that he may hear, try and determine all issues whenever an application shall have been made for a change of judge, when properly construed, does not attempt to authorize the commissioner to try the issues in the case itself, but only the issues, if any, arising upon the application for a change of judge. Whether the Legislature may confer upon the commissioner the power to hear such an application and determine whether or not it shall be granted need not be decided, for in this case the commissioner did not preside in the cause for that purpose. He was called in to hear and try the case. In Michigan, under a somewhat similar constitutional provision, it is held that a statute may authorize the commissioner to direct a change of venue applied for on the ground that the judge is disqualified. (Whipple v. Judge &c., 26 Mich. 342; Fellows v. Canney, 75 Mich. 445, 42 N. W. 958; Grostick v. Railroad Co., 96 Mich. 495, 56 N. W. 24.) When the application for change of judge has been made, which includes the filing thereof and calling the attention of the court or judge thereto, the judge becomes thereby divested of authority in the premises, except to act upon the application, grant it if properly made, and call upon some other of the District Judges of the state to preside in the further proceedings and trial of the case. In this case the application would seem to have been granted, but another District Judge was not called in as the statute requires. The application appearing to have been properly made, the judge was disqualified to further act in the case except as provided in Sections 5142 and 5144, Comp. Stat., supra.

We, therefore, hold that the Court Commissioner was without the power which he attempted to exercise, that the court erred in calling upon him to try the case instead of calling in one of the District Judges of the state to preside in the trial of the case as provided by Sections 5142 and 5144, Comp. Stat., and that for such error the judgment must be reversed and the cause remanded for such further

proceedings as may be proper, not inconsistent with the ·views herein expressed.                    *Reversed.*

BEARD, C. J., and POTTER, J., concur.