## STATE EX REL. POSTON v. DISTRICT COURT

(No. 1521; July 17, 1928; 269 Pac. 35)

*Philip E. Winter, Corthell, McCullough & Corthell,* and *William E. Mullen,* for plaintiff.

26

*E. E. Enterline* and *Durham & Bacheller*, for defendants.

RINER, Justice.

This is an original proceeding commenced in this court by the plaintiff for an alternative writ of prohibition to be directed to the defendants, the District Court of the Eighth Judicial District of Wyoming, within and for the County of Natrona, and Bryant S. Cromer, Judge of said court, commanding it and him to desist and refrain from any further proceedings in a certain civil action, mentioned in the petition for the writ as pending in said District Court, wherein Evelyn M. Delfelder, as Executrix of the last will and testament of Jacob A. Delfelder, deceased, is plaintiff, and the relator herein, Lon J. Poston, is defendant. Upon presentation of the petition, an alternative writ was issued by this court. Due service of the process was had on April 19th, 1928, and on May 9th following defendants interposed a general demurrer to plaintiff's petition, and the issues thus raised have been argued and are now for decision.

Summarized, the petition presents the following facts: On December 29, 1927, the civil action already mentioned was commenced, it being one to recover the possession of certain described real estate situate in Natrona County,

Wyoming, and for damages for withholding such possession from the plaintiff in that action. In proper time, and on March 14, 1928, an answer was filed in the cause consisting substantially of a general denial, coupled with four other defenses, one of them being the statute of limitations. Thereafter and on March 21, 1928, the answer was replied to by a pleading, which in effect presented a general denial of the allegations set forth in the four special defenses alleged therein, and also pleaded new matter directed at them. On April 3, 1928, and within twenty days after the cause thus came at issue, the defendant in the action, Poston, filed therein, through his attorneys, a motion for a change of venue of the action from Natrona County to another county other than Converse, Hot Springs and Niobrara, upon the grounds set out in his supporting affidavit, also filed, which, omitting caption and verification, reads:

"LON J. POSTON, of lawful age, being duly sworn according to law, deposes and says: That he is the defendant named in the above entitled cause; that the plaintiff has an undue influence over the citizens of the County of Natrona, State of Wyoming, and that on account of local prejudice existing in the County of Natrona, State of Wyoming, against the cause of defendant herein, he believes that he cannot obtain a fair and impartial trial of said cause in the County of Natrona, State of Wyoming; defendant further says that similar conditions exist and the same objections apply to each of the Counties of Converse and Hot Springs and Niobrara, respectively; and for the reasons herein stated defendant asks that the venue of said cause be changed from Natrona County, Wyoming, to the most convenient county to which the same and foregoing objections do not apply."

It appears by the petition, through copy of the court order made a part thereof, that neither party, within the time required by law (Sec. 5783,W. C. S. 1920), made application for a jury trial and deposited the requisite fee therefor. And consequently, though the action was one in which a jury was properly demandable, a jury trial was

waived, and the cause became triable by the court or by the court and a jury (Sec. 5724, W. C. S. 1920).

Thereafter on April 7, 1928, the case came on to be heard upon this application and affidavit for a change of venue, and, in the terms of the order entered disposing of the matter:

"It appearing to the court that neither party to this action has demanded a trial by jury and the court being now fully advised in the premises, it is hereby considered and ordered by the court as follows: That the said motion of the defendant for change of venue be, and the same is hereby, denied."

It also appears from the petition that on April 3rd following, but as of the date of March 31, 1928, the court, upon application of the attorneys for the plaintiff-executrix, by due order made, set down the cause for trial on April 23, 1928. A motion filed by relator to vacate the order setting the case for trial, alleging the court to be "without jurisdiction to hear, try or determine the issues in said cause," was, on April 16, 1928, denied. Exceptions were saved by and allowed relator to the orders denying change of venue and denying the vacation of the order setting the case for trial.

The sole question to be determined is the effect to be given Section 6419, W. C. S. 1920, under the situation above outlined. From the phraseology of the order denying the change of venue, it would appear that the District Court of Natrona County took the view that as neither party had demanded a jury trial and complied with the legal requirements necessary to obtain it, a change of venue should not be granted. The argument of counsel made at the hearing before us confirms this conclusion.

The first provision in the laws of Wyoming for a change of venue is found in the Territorial Session Laws for the year 1869. Section 59 of Chapter 75 thereof, very briefly provided, that if any party to an action made affidavit that

he believed that from the "bias, prejudice or partiality of the judge, he cannot get a fair and impartial trial, the court shall change the place of trial to some other district." Provision was made, that "for the convenience of the parties," the judge of another district might be called in to try the case where the action was pending. This statute, appearing in the code of civil procedure enacted at that time, does not seem to have been construed by the courts.

In 1873 a new law relative to change of venue was adopted by the Territorial Legislature for that year, and in this law we find for the first time language with which we are familiar in Section 6419, W. C. S. 1920, already mentioned. That law appears as Chapter II of the Session Laws of the Territory of Wyoming for 1873. The first section of the chapter dealing with the granting and grounds of a change of venue is, with comparatively minor alterations in arrangement and terminology, the full substance of our present Section 6419. Indeed, the third subdivision of this first section uses the identical wording employed in subdivision "4" of Section 6419, W. C. S. 1920, and upon which the affidavit in the instant case is founded. The introductory clause of the first section of the law of 1873 reads:

"That the court in, term, or the judge thereof in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes:"

It will be observed that this clause is slightly different in arrangement and verbiage from our present act and the act of 1877—to be presently referred to—though it would seem that the legal effect of the two acts is practically the same. The Revised Statutes of the State of Indiana for 1852, in Article XI thereof, treating of change of venue in civil cases, appears to have furnished the model after which our act of 1873 was patterned. Section 207 of the article last mentioned, is almost identical in language with the

Wyoming law enacted in 1873. The extremely slight changes made in the latter—with one exception—do not affect its purport when compared with the Indiana enactment. Their meaning is obviously the same. The opening clause of the cited section of the Indiana law reads:

"The court in term, or the judge thereof in vacation, may change the venue of any civil action upon the application of either party made upon affidavit, showing one or more of the following causes:"

It will be noticed that the Wyoming law makers used the words "shall change," in lieu of "may change" in the Indiana statute. This alteration is quite significant, in view of the decisions of the courts of Indiana hereinafter to be discussed. A further examination of the Indiana and Wyoming laws we have been discussing discloses that Sections 208 and 209 of the former are likewise, in large measure, identical in terms with Sections "2" and "3" of the latter. Section "2" provides the method whereby a change of venue shall be accomplished, and its substance, indeed, for the most part, its language has been carried forward and appears in Section 6420, W. C. S. 1920. Section "3" of the law of 1873 provided for fifteen days notice of the application for change of venue to be given the opposing party when sought in vacation. The next Wyoming law on the subject appears to have been approved December 11, 1875. It carried forward the provisions of the law of 1873 as to change of venue in civil cases, but subdivision 7 of Section "1" dealing with the matter of the bias or prejudice of the presiding judge, was redrafted into practically the form we now have it and put back in the section as subdivision "Third." All of the other subdivisions were retained, as were Sections "2" and "3" of the Act of 1873. This statute was repealed by the law of December 3, 1877, which adopted the seven subdivisions of Section "1" of the preceding law with but one or two slight changes in lan-

guage, and which phrased the opening clause of Section "1" of the act thus:

"That whenever either party to a civil action in any District Court of the Territory shall file an affidavit in the case, stating one or more of the following causes:"

Then followed the seven subdivisions referred to and the section concludes:

"In either case, the court in term or the judge in vacation shall change the venue in such action, or call on some other judge of the Supreme Court of the Territory to preside in the trial of the case, as is hereinafter provided."

This we recognize, to all intents and purposes, as our present Section 6419, W. C. S. 1920, except as to the subsequently added provision of change of venue or change of judge by the voluntary act of the presiding judge. Sections "2" and "3" of the original act of 1873 were also carried forward and adopted in the law of 1877.

Under that law, the case of Perkins v. McDowell, 3 Wyo. 201, arose and came to the court of last resort in Wyoming Territory for disposition September 21, 1888. In that case affidavit was filed that on account of the bias and prejudice of the presiding judge of the District Court of Albany County, defendant could not obtain a fair trial of the cause in that court, and that the opposite party therein had an undue influence over the citizens of Albany County, and that on account of the local prejudice and an odium which attached to defendant and his cause of defense in said cause, he could not obtain a fair trial in said county. The presiding judge immediately recognized the first ground set out in the affidavit and called in another district judge to try the case, who denied the change of venue from Albany County. Upon proceedings in error being brought, the Supreme Court quoted the law and said:

"The statute in terms provides that when an affidavit shall be filed by a party, setting out the prejudice of the people of the county in the terms required by the statute, the change shall be granted. The statute is mandatory, and leaves nothing to the discretion of the court. The denial of the change of venue from Albany County was erroneous, and the judgment must be reversed."

In urging that where a jury trial is waived, there can be no change of venue in the case, based upon the fourth subdivision of Section 6419, W. C. S. 1920, defendants point out that in the McDowell case, supra, the issues not having been made up—a fact inferred from the language in the opinion on rehearing (3 Wyo. 328)—either party was still entitled to have the case tried by a jury, and hence the duty of the presiding judge to make the change undoubtedly arose. The McDowell case was one ordinarily triable by jury, but it appears that the case was tried by the court. The parties could (Compiled Laws of Wyoming, 1876, Chapter XIII, Sec. 279), and evidently did waive their right to a jury trial, as was done in the case now before us. When they did so does not clearly appear from the opinions filed in the Territorial Supreme Court. However, by the printed record in the case presented at the argument here by counsel for defendants, it is apparent that the court heard and denied the motion for change of venue and tried the case on the same day, to-wit November 14, 1885. Hence it is plain that the right to a jury was waived, either before the motion for change of venue was disposed of or at practically the same time it was denied. Be that as it may, the language quoted above from the Perkins-McDowell decision neither discusses nor sets any limitation upon the mandatory operation of the statute which the court had before it. From a bare perusal of the statute, apart from its history, we find no limitation therein such as is now sought to be established. It is undisputed that the action pending in the District Court of Natrona County, wherein the application and affidavit for change of venue was filed, is a

civil action, within the terms of the law under consideration. The statute declares plainly that upon the filing by either party to a ''civil action'' of an affidavit, stating one or more of the enumerated grounds, ''the court in term or the judge in vacation shall, within ten days after filing such affidavit, make and enter an order changing the venue in such action,'' etc. More peremptory language could hardly be framed in conferring absolutely the right to a change of venue. It might perhaps be sufficient in disposing of the contention made in the case at bar, to simply say *''ita lex scripta est.''*

This court, in the case of Huhn v. Quinn, 21 Wyo. 51, 128 Pac. 514, had under consideration the third subdivision of Section 6419 aforesaid—that clause relating to the bias, prejudice or interest of the presiding judge—and reversed the judgment of the court below because that court had not obeyed the binding mandate of the statute. The most casual reading of the statute will establish, we think, that its several subdivisions, while constituting separate and distinct grounds for change of venue, have each the same weight and efficacy to accomplish that result when presented to the court as the law provides. There is no legislative declaration otherwise. The decision in the Quinn case is, consequently, entitled to weight in determining what operative effect shall be given the other subdivisions of the statute when properly invoked.

At this point it will be persuasive, we think, to review, briefly, what the courts of Indiana have adjudged in cases arising under their statute possessing language practically identical with ours, as has hereinabove been shown. The decisions from that state quite early made it plain, that if an affidavit for a change of venue in a civil case substantially conformed to the statute, the duty to grant it was imperative. See Witter v. Taylor, 7 Ind. 110 (decided in 1855) ; Shaw v. Hamilton, 10 Ind. 182 (decided in 1858) ; and Shattuck v. Meyers, 13 Ind. 46 (decided in 1859). So were the decisions, even though the statute read, as will

be remembered from what we have said, "the court * * * may change the venue." Subsequently the law was altered to read "*shall* change," and thus the phrase was ultimately worded exactly as it was adopted by the Wyoming Territorial Legislature in 1873, obviously to conform to the construction given it by the courts, thus placing the stamp of approval of the legislative authority upon this judicial construction of the act.

It is urged for defendants, and with some reason, too, that the provisions of the 4th subdivision of Section 6419, supra, are peculiarly applicable to cases where a jury trial must be had, and that the grounds of change of venue therein set forth are in no way pertinent to cases where the trial must be to the court—i. e. the judge—a jury being waived, or the cause being of an equitable nature; that the legislature, therefore, meant a change of venue could be had on these grounds only where there must be a jury trial. There are several answers to these contentions, the first of which is, naturally, that the legislature has used unmistakable language to the contrary. Again, local prejudice against a party litigant, the odium attaching to his cause, the influence of the opposite party over the citizenry of the county where the cause is pending, may be so great and so far reaching that the party's witnesses would seriously be affected thereby if they were required to testify in open court in that county. Under such conditions, with intense feeling, passion and prejudice rife in a county against a litigant, it may be that the legislature thought that it would be wiser not to subject even a judge to the severe pressure of such a situation where he alone must determine the facts of the case. Instances have been known where courts have bent to the insistent power of a blind, unreasoning and erroneous popular opinion. Further, under our law (Sec. 5724, W. C. S. 1920), the court has power "to order any issue to be tried to a jury." Even though the finding upon an issue thus determined be regarded as advisory, simply, yet the court may appropriate it, and thus the litigant

would be forced to suffer the same mischiefs which would ensue under local prejudice etc. in a case where a jury trial is obligatory, yet a change of venue is denied.

Evans v. Evans, 105 Ind. 204, 5 N. E. 24, was an action for divorce, a judgment being entered in favor of appellee granting a divorce, alimony and custody of children. Appellant sought a reversal because the trial court overruled his motion for a change of venue from the county where the action was pending. The motion was based upon an affidavit wherein appellant stated that he could not have a fair and impartial trial in the county because appellee "had an undue influence over the citizens of that county and for the reason that an odium attached to him in that county on account of local prejudice against him." After quoting the Indiana law, to which we have already made reference, the appellate court used the following language:

"Of course, the reasons for allowing a change of venue from the county, in cases triable by jury, are apparent, and more apparent than in cases where a jury cannot be demanded. Possibly it would not be unreasonable to say that, where cases are to be tried by the court without a jury, no sufficient reason appears why there should be a change of venue from the county, but that is a matter for the legislature. It is enacted that the venue shall be changed from the county in all civil actions upon the filing of the proper affidavit. Clearly this court has no authority for going behind the statute to seek for reasons, and to adjudge them to be sufficient or insufficient. Doubtless the legislature thought that reasons exist, and that they are sufficient. It may be possible that local prejudice against one party may be such, and the influence of the other party over the citizens of the county so great, as to affect the witnesses, if not to reach and warp the judgment of the court. In addition to this, the court may in all cases refer questions of fact to a jury. It has been held that this may be done in divorce cases. Morse v. Morse, 25 Ind. 156. The court is not bound to but may adopt the finding of the jury upon the facts, and thus an injury might be inflicted in refusing to change the venue from the county in cases in which a jury trial cannot be demanded as a matter of right."

And the case was reversed. This decision has been cited many times by the courts of Indiana, and as late as the case of Scanlon v. Deuel, 176 Ind. 208, 94 N. E. 561, the principle announced in the earlier opinion was reaffirmed, the court saying:

"Neither does the fact that the questions presented by the remonstrance under Section 9 (Section 8332), supra, are to be determined by the court without a jury affect the right to a change of venue, for the reason that the right to have a change of venue from the county under said Section 422, supra, does not depend upon whether the same can or may be tried by a jury. Powell v. Powell, 104 Ind. 18, 3 N. E. 639; Evans v. Evans, 105 Ind. 204, 5 N. E. 24, 768."

It is insisted that the courts of last resort in other jurisdictions, in construing statutes regarding change of venue, have denied such change where there is to be no jury trial. But an examination of the authorities cited shows that the decisions were under statutes differing materially in history and effect from ours. For example: Ex parte Williams, 12 Tenn. (4 Yerg.) 578, was decided under a law of Tennessee which expressly limited a change of venue to cases where a jury was required. Arkansas and Oklahoma cases have been called to our attention. The law of each of these states being similar, very likely was borrowed by the latter from the former. Their law provides *inter alia* (Sec. 1, Acts of Arkansas, 1874-5, p. 114): "Any party to a civil action, triable by jury, may obtain an order for a change of venue," etc. The Colorado case of Board of Commissioners of Ouray County v. Commissioners of San Juan County, 58 Colo. 67, 43 Pac. 841, was decided under a statute where—as the opinion shows—it was simply discretionary on the part of the trial court as to whether a change of venue should be granted or not, this discretion being not subject to review by an appellate court unless abused. Fitzhugh v. Nicholas, 20 Colo. App. 235, 77 Pac. 1092. Wolff v. Ward, 104 Mo. 127, 16 S. W. 161, also called to our

notice, cannot be regarded as authority in view of Walker v. Ellis, 146 Mo. 327, 48 S. W. 457, where the court declined to follow the expressions contained in the opinion in the Wolff case and announced a rule in harmony with that laid down by the Supreme Court of Wyoming Territory in Perkins v. McDowell, supra, and the declarations of the Supreme Court of Indiana in the cases hereinbefore discussed. It may here be noted that the Missouri statute, under which these decisions were rendered, is somewhat similar to that of Wyoming on change of venue in civil cases. Volume 2 of Bancroft's Code of Practice has been cited, but the particular passage from the text used by counsel is supported by Colorado and Oklahoma cases not in point here, we think, because of the difference in the statutes of those states from ours. The opinion in Cooke v. Cooke, 41 Md. 362, also cited, contains expressions which, under a constitutional provision worded in somewhat similar fashion to our change of venue statute, undoubtedly support defendants' position in this case. However, in view of the history of our statute as outlined above, its unmistakable language and the Wyoming and Indiana decisions concerning that language, we are not inclined to be guided by the reasoning of the Maryland case, deeming it not altogether satisfactory. We are impelled to this conclusion the more readily when we find the Court of Appeals of that State, in the later civil action of Weiskittle v. State, use of Samuel, 58 Md. 155, remarking concerning the constitutional section involved, construed as we have indicated:

"After an experience of seven years it was found that the 8th Section of the 4th Article of the Constitution of 1867, (the section that relates to removals,) did not work well in practice, and it was amended by the Act of 1874, ch. 364, which was adopted by the people, and is now a part of the organic law."

The amended law departed radically from the mandatory feature of the earlier constitutional provision, fixing the right of change of venue solely in the discretion of the

court. Cases under such a statute would be of very little aid in construing a statute like the one before us.

Upon the case made by the petition for a writ of prohibition and the demurrer thereto, we think that the District Court of Natrona County is without jurisdiction to do other than to send the case to another county for trial, and that a permanent writ should issue, unless the relator has another plain, speedy and adequate remedy. This point has not been urged before us by defendants, though argued by relator. While the issuance of the writ of prohibition is purely discretionary on the part of this court, and cannot be demanded as of right (State v. District Court, (Wyo.) 260 Pac. 185) in our judgment, under the facts of the case now under consideration the remedy by appeal or proceeding in error is not adequate. To remit relator to his remedy through those avenues, would be to impose a heavy burden upon litigants, witnesses and court alike, by requiring a futile trial of the cause in a forum without power to enter a valid judgment therein, and whose action would necessarily have to be reversed for that reason alone, no matter how correct on the merits its conclusions might be. See in this connection Brainard v. District Court, 34 Wyo. 288, at 298, 243 Pac. 123.

The fact that the affidavit for a change of venue stated that similar conditions existed, and the same objections applied to three other counties of the state as alleged concerning the county of Natrona—the county where the action arose—was discussed somewhat in the argument of the case at bar. Perhaps, simply as an aid in clearing up the practice in matters of this kind, it may not be improper to remark here that Section 6427, W. C. S. 1920, in our judgment, illumines quite fully the course to be pursued by a trial court when an affidavit of this sort is filed. As we have already intimated, there must be a change of venue or a change of judge when a proper affidavit is, in apt time, filed, and but *one* such change. When other counties, or other judges are objected to, both litigants must be heard,

40

if they so desire, as to the applicability of these objections to such other counties or judges, and the court, in the exercise of a sound discretion, should then send the case "to the most convenient county to which the objections of parties do not apply or are the least applicable, and the same rule shall govern the selection of another judge."

Our conclusion is, therefore, that the demurrer herein filed should be overruled and that a permanent writ of prohibition should be issued in this cause, unless defendants plead further within fifteen days from the date hereof, and it will be so ordered.

BLUME, C. J., and KIMBALL, J., concur.