Ex parte Kougres.

## PERKINS v. McDOWELL.

(September 21, 1888.)

CHANGE OF VENUE—LOCAL PREJUDICE—DISCRE-
TION OF COURT.

Under a statute providing that the judge shall grant a change of venue whenever either party to a civil action shall file an affidavit that the opposite party has an undue influence over the citizens of the county, or that an odium attaches to the applicant or to his cause of defense, if an affidavit is filed setting up the existence of such prejudicial facts in the words of the statute the court has no discretion to refuse a change of venue.

Error to district court, Albany county. Action by J. M. McDowell against Charles F. Perkins to recover money due for labor. Judgment for plaintiff, and defendant brings error. Reversed.

CORN, J. A number of errors are assigned upon the record in this case; but, in our view of it, a consideration of one of them will be sufficient for a disposition of the case at this time. McDowell brought suit against Perkins at the October term, A. D. 1885, of the Albany county district court, to recover a sum of money alleged to be due to him for labor. On the 6th day of November the defendant, Perkins, filed, or caused to be filed, the affidavit of his attorney for a change of judge for the trial of the cause, and for a change of venue to another county. The affidavit sets out that "affiant believes that, on account of the bias and prejudice of the presiding judge of said court, the defendant cannot obtain a fair trial of said cause in said court; and that the opposite party, the plaintiff in said cause, has an undue influence over the citizens of Albany county; and that on account of local prejudice, and an odium which attaches to defendant and his cause of defense in said cause, he cannot obtain a fair trial in said county of Albany," etc. The presiding judge of said court called in another judge to try the cause, who denied the change of venue from Albany county. The affidavit for a change of venue complies with the statute, which provides that "whenever either party to a civil action in any district court of the territory shall file an affidavit in the case stating one or more of the following causes, * * * the court * * * shall change the venue in such actions." Whatever may be said of the propriety or good taste of counsel making an affidavit in place of his client in any case, alleging his (counsel's) belief in the bias and prejudice of the judge, and whatever may be the true construction of the statute in that regard, yet the statute in terms provides that when an affidavit shall be filed by a party, setting out the prejudice of the people of the county in the terms required by the statute, the change shall be granted. The statute is mandatory, and leaves nothing to the discretion of the court. The denial of the change of venue from Albany county was erroneous, and the judgment must be reversed. Judgment reversed.