Maginnis, C. J.
This is a proceeding in habeas corpus. Thepetitionerclaims that he is illegally restrained of his.liberty by the United States marshal for the territory of Wyoming. The marshal, answer-, ing to the writ, says that petitioner is held by virtue of a judgment and sentence of the Third judicial district court sitting within and for the county of Uinta, and exercising the jurisdiction of a United States circuit court. Petitioner demurs to this return generally, raising thereby the only question suggested to this court, *205 —want of Jurisdiction in said Third Judicial district court to try and sentence. In order to fully understand the question made upon this demurrer, it will be necessary to consider the various acts organizing the judicial system of this territory. Section 9 of the act of congress, organizing the territory of Wyoming, provides that “said territory shall be divided into three judicial districts,” in each of which a district court shall be held. It also provides that each district court shall have a clerk. Section 15 provides that temporarily, and until otherwise provided by law, the governor may define the judicial districts for said territory, and also appoint the time and place for holding courts in the several counties or subdivisions of each of said judicial districts, said power afterwards to reside in the legislature. Section 9 provides that “each of said district courts shall have and exercise the same jurisdiction in all cases arising under the constitution and laws of the United States as is. vested in the circuit and district courts of the United States.” We think the clear interpretation of these sections is that there are three district coui-ts in this territory, each of which courts has the same jurisdiction over matters properly cognizable by the United States district and circuit courts that such courts would have were they in existence here. Were it not for section 15 of this act, it would almost indubitably appear that no authority was given, or meantto be given, to hold this district court in more than one place in the district, however many counties such district might comprise. Section 15, however,seems to contemplate a state of law which would permit of sessions or terms of this court being held in the several counties of the territory. As there is nothing in the organic act authorizing such terms, we are perforce compelled to look to the general laws to find such permissive statute; and we find the following provision in an act passed June 14,1858: “The judges of the supreme court of each territory are authorized to hold courts within their respective districts, in the counties wherein by the laws of the territory courts have been, or may be, established, for the purpose of hearing and determining all matters and causes except those in which the United States is a party.” This provision is now incorporated in section 1874, Rev. St. U. S. As this section was not repealed by the organic act, and in fact its validity is necessary in oi'der to support and explain such act, we think it must be read in pari ma-teria with such organic act. The courts provided for in these two sections are therefore only authorized to transact United States business at one place in each of the districts, such place to be designated by law.
The first legislative assembly of Wyoming divided the territory into three districts, — the first consisting of Laramie and Albany counties; the second, of Carbon and Uinta counties; and the third, of Carter, afterwards changed to Sweetwater, county. Laws 1869, c. 39. By sections 6 and 7 of this act it is expressly provided that the sessions of the district court for the transaction of United States business shall be held alternately at the county-seats of the counties forming each of these districts. In 1873 this act was repealed, and three new districts constituted, — the first being Laramie county; the second, Albany and Carbon; the third, Sweet-water and Uinta. Laws 1873, c. 22. But no provision was made for the holding of sessions of court for the transaction of United States business, nor has there ever been since any such enactment. In 1877 the territory was again redistricted. The first district was Laramie county ; the second, Albany, Carbon, Sweetwater, and Uinta; the third,Crook and Pease, (after-wards Johnson.) Laws 1877, p. 34. In 1882 an act was passed making Laramie and Crook the first district; Albany and Johnson thesecond; Carbon,Sweetwater, and Uinta the third. Sess. Laws 1882, c. 61. In 1884 Fremont county was added to the third district, (Laws 1884, c. 46;) and in 1888 Converse county was added to the first, and Sheridan county to the second, district. There has therefore been no legislation, by either congress or the legislative assembly of the territory, pointing out a place in either of the districts for the transaction of United States business; in other words, where the district court created by congress should exercise the jurisdiction of a United States district or circuit court. It is contended here by the petitioner that, because no such place has been pointed out, the territorial courts obtained no jurisdiction of United States causes, and therefore the proceedings in this cause in the court below were coram non judiee, and void.
It will readily be seen, from the reading *207 of the United States statutes heretofore cited, that, for the purposes of territorial and general business, the district courts created by congress were fully organized; that their several districts were properly and legally defined, and the places where they should sit designated. As far, therefore, as the courts themselves are concerned, full, complete, and regular jurisdiction had attached. But upon these courts congress saw fit to impose a new jurisdiction, — jurisdiction of United States causes. “Each of thedistrict courts in the territories mentioned in the preceding section shall haveand exercise thesame jurisdiction in all cases arising under the constitution and laws of the United States as is vested in the circuit and district courts of the United States. ” Rev. St. U. S. § 1910. The court is legally organized, and has jurisdiction of the subject-matter. It has been said: “The place where it should be holden is not sacramental. ” Hawes, Juris. § 25; Smith v. Jones, 23 La. Ann. 43. It might be a very serious question whether the fact that there was no distinct authority for exercising such jurisdiction, at the particular county-seat where it was exercised by the lower court, presented a jurisdictional question, or whether it was merely an error or irregularity in its proceeding. “The very fact of holding the court there necessarily implied a judicial assertion of the right to hold it. It was a de facto court, and its proceedings were not void, even should it be conceded that its session was at a place unauthorized by law.” Bouldin v.Ewart,63 Mo.330. But, aside from this, it isa principle well settled that every presumption is in favor of the jurisdiction of a court of general jurisdiction. It was for congress to say where such jurisdiction should beexercised. Congress has enacted no express law upon the subject. The courts have exercised the power of designating the place, and congress had recognized this exercise of power by appropriating money to pay the expenses of such United States jurisdiction. The United States officials and juries have been paid for their attendance upon such court, and the persons sentenced by such court have been incarcerated and punished by the United States authorities. We take it that such action on the part of congress must be presumed to have been taken with a knowledge of all the facts, and that such action must be presumed to be a ratification and recognition of the right of such courts to designate Cheyenne, Laramie, and Evanston as the three places in the territory where the United States jurisdiction of such courts should be exercised. This view is to some extent supported by State v. Miller, 23 Wis. 634. We must therefore refuse to disturb the practice which has existed in this territory almost since its formation, and remand the petitioner into the custody of the marshal to serveout the sentence imposed upon him.
Saufley, J., dissents.