DEMBITZ v. ORANGE COUNTY TRACTION CO.

(Supreme Court, Appellate Division, Second Department. December 28, 1911.)

1. VENUE (§ 61*)—CHANGE OF VENUE—WAIVER OF RIGHT.

Where the action was not brought in the county of plaintiff's or defendant's residence, as, under Code Civ. Proc. § 984, it ought, defendant's right to change of venue, under section 985, providing that the action, though brought in the wrong county, may be tried there, unless the place of trial is changed to the proper county, on defendant's demand, followed by consent of plaintiff, or order of the court, and section 986, providing that defendant demanding that the action be tried in the proper county must serve a written demand with the answer, and, if plaintiff does not give written consent in five days, defendant may, within ten days thereafter, serve notice of motion to change the place of trial, is waived by laches, where it merely makes a demand for change of place of trial, and then, several months later without protest, proceeds with the trial in the county where the action was brought, and this though defendant's counsel and president did not know, till after the trial, that plaintiff's residence was not in the county where the action was brought; it not appearing the facts were not known to some of its other officers, or that plaintiff did anything to cover up or conceal the facts.

[Ed. Note.—For other cases, see Venue, Dec. Dig. § 61.*]

2. VENUE (§ 77*)—CHANGE OF VENUE—WAIVER OF RIGHT—SUBSEQUENT ASSERTION.

Defendant's right to change of place of trial, being waived, as it may be, because involving merely a matter of private right, and no consideration of public policy or morals, cannot subsequently be invoked on a new trial.

[Ed. Note.—For other cases, see Venue, Dec. Dig. § 77.*]

3. VENUE (§ 52*)—CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

Defendant's right to change of the place of trial because of the action not having been brought in the county of plaintiff's or defendant's residence having been waived, its motion for the change should not be granted on the ground of convenience of the witnesses, none of whom are complaining, which convenience, to a large extent, is merely the convenience and economy of the parties.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 67, 77; Dec. Dig. § 52.*]

Thomas, J., dissenting.

Appeal from Special Term, Westchester County.

Action by Irving Dembitz, an infant, by Leopold Dembitz, his guardian ad litem, against the Orange County Traction Company. From an order granting defendant's motion for change of venue, plaintiff appeals. Reversed, and motion denied.

See, also, 132 N. Y. Supp. 597.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

132 N.Y.S.—38

Argued before. JENKS, P. J., and THOMAS, CARR, WOOD-WARD, and RICH, JJ.

Thomas J. O'Neill, for appellant.

George E. Miner (William F. Cassedy, on the brief), for respondent.

WOODWARD, J. This action was commenced in Westchester county on the 11th day of October, 1909. The defendant answered on the 28th day of October in the same year, and the case was tried on the 23d day of May, 1910, resulting in a verdict of $15,000 in favor of the plaintiff. The defendant's motion to set aside the verdict and to grant a new trial was granted, unless the plaintiff, within 20 days from the service of the order, should elect to consent to a reduction of the verdict to $9,000. Both parties appealed from the order, and this court affirmed the same without opinion. The trial took but one day. After the affirmance of the order by this court, the defendant moved the Special Term in Orange county for a change of venue, and the hearing of this motion was, by order of the court, transferred to Westchester county, where defendant's motion was granted. The plaintiff appeals to this court.

[1] The principal ground urged for a change of venue appears to be that neither the plaintiff nor the defendant are residents of Westchester county, and, incidentally, that all of the witnesses on both sides are residents of Orange county. Under section 984 of the Code of Civil Procedure, the action should have been brought, no doubt, in Orange county or in the county of New York, assuming this to have been the actual residence of the plaintiff. But by section 985 of the Code of Civil Procedure it is provided that:

"If the county, designated in the complaint, as the place of trial, is not the proper county, the action may notwithstanding be tried therein; unless the place of trial is changed to the proper county, upon the demand of the defendant, followed by the consent of the plaintiff, or the order of the court."

Section 986 of the Code of Civil Procedure then provides that:

"Where the defendant demands that the action be tried in the proper county, his attorney must serve upon the plaintiff's attorney, with the answer, or before service of the answer, a written demand accordingly. The demand must specify the county, where the defendant requires the action to be tried. If the plaintiff's attorney does not serve his written consent to the change, as proposed by the defendant, within five days after service of the demand, the defendant's attorney may, within ten days thereafter, serve notice of a motion to change the place of trial."

It is, perhaps, too late to question the authority of McConihe v. Palmer, 76 Hun, 116, 27 N. Y. Supp. 832, that the provisions of section 986 of the Code of Civil Procedure are directory merely; that the court may, by order, direct the trial of the action in the proper county, notwithstanding the failure of the defendant to make seasonable demand for the change, though it is obvious from a reading of the opinion in that case that it was never intended to lay down this broad proposition, but merely to hold in that particular case that the parties, by stipulation, had left the matter to be determined upon its

merits. However, it is not necessary to determine how far that case is controlling here. The statute is important as laying down a rule by which we may judge of the question of laches in the defendant. "It can hardly be doubted," say this court in Phillips v. Tietjen, 108 App. Div. 9, 11, 95 N. Y. Supp. 469, 470, "that, in the absence of a consent and after the expiration of the period designated for the defendant's motion, a motion to change the place of trial to the proper county could be denied for laches." In the later case of Anderson v. Nassau Electric Railroad Company, 138 App. Div. 816, 817, 123 N. Y. Supp. 374, 375, the court say:

"The Supreme Court is a court of general jurisdiction, extending over the whole state. In transitory actions parties have a right to lay the venue in any county, and there have the issues disposed of if they so desire. The privilege of removal which is given to the defendant may be waived and if so waived the court of its own motion may not refuse to try the action."

This is exactly what was done in the present case. The plaintiff, residing we will assume in the city of New York, brought the action in the county of Westchester. It appears from the affidavit of defendant's counsel that:

"On or about the 27th day of October, 1909, a demand, in behalf of defendant, to change the place of trial to Orange county, was duly served upon plaintiff's attorney."

There is no suggestion that plaintiff's attorney consented to such change, or that the defendant moved the court to change the place of trial within 10 days, or at any time thereafter. Indeed, the affidavit of counsel declares that "no previous or prior application has been made for an order to change the place of trial of this action," so that it affirmatively appears that from the 27th day of October, 1909, down to the trial of this action in Westchester county on the 23d day of May, 1910, no effort was made on the part of the defendant for a change of the place of trial, although from the fact that counsel swears that a demand was duly served on plaintiff's attorney for such a change on the 27th day of October, 1909, it must be assumed that the defendant had some reason for believing that it had a right to this change. The right to demand a change of venue is based upon the fact that the plaintiff has selected the wrong county, and the defendant, having made this demand, must be assumed to have made it upon the ground now urged, that the plaintiff is not a resident of the county of Westchester; at least it must have had information sufficient to have required it to use due diligence to ascertain the facts in time to have availed itself of the privilege of moving the court for the change of place of trial. But it did nothing of the kind. It went forward to trial without protest, without any suggestion, so far as appears, that the action was not properly to be tried in Westchester county, although there was practically seven months intervening between the joining of issue and the date of trial. The president of defendant company in his affidavit in support of the motion swears that "deponent's said counsel, as he is informed and believes, did not know, and was not informed, of the foregoing facts in regard to the residence of this plaintiff and plaintiff's said witnesses until after the

trial of this action," and then gives an excuse for not moving more promptly after counsel had received this information, but this is immaterial, for the defendant's rights are fairly to be determined by what occurred prior to the trial in Westchester county in May, 1910. The declaration of Mr. Odell that "deponent's said counsel * * * did not know and was not informed of the foregoing facts * * * until after the trial of this action" is of no importance. The question is not what deponent's counsel knew or was told, but whether the defendant knew, or had used reasonable diligence to know, the facts, and there is nothing in the moving papers from which it can be reasonably inferred that there was such a lack of knowledge on the part of the defendant. It is true that the president of the company says that "deponent did not ascertain until some time after the trial of this case the foregoing facts concerning the residence of this plaintiff and his said witnesses," but there is no affidavit of the secretary or treasurer, or of any other officer of the defendant that the facts were not known to them, nor is any excuse given why the defendant, confronted with an action of this importance, did not take the necessary steps to find out about the residence of the plaintiff. No one suggests that the plaintiff took any steps to cover up or obscure the facts, and the conclusion is almost irresistible that the defendant was willing to try the case in Westchester county, and that it failed to make any reasonable effort to ascertain the residence of the plaintiff because of its willingness to accept the forum selected by the plaintiff. Clearly there was such laches on the part of the defendant, as to warrant this court in refusing to permit of a change of the place of trial at this time.

[2] Under the facts as they appear in the record, the defendant had clearly waived its right to a change of venue on account of the plaintiff not being a resident of Westchester county at the time of the trial, and the law is well established that a party may waive a rule of law or a statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public policy or morals are involved, and, having once done so, he cannot subsequently invoke its protection. Sentenis v. Ladew, 140 N. Y. 463, 35 N. E. 650, 37 Am. St. Rep. 569; Mayor of New York v. M. R. Co., 143 N. Y. 1, 26, 37 N. E. 494, and authorities there cited.

[3] There is nothing in the record to indicate any serious inconvenience to any of the witnesses, and, the defendant having by its laches waived its right to a change of venue generally, we are of the opinion that it is not proper to grant the motion on account of the witnesses, none of whom are here complaining. The convenience of witnesses is, to a large extent, the convenience and economy of the parties, and, where the parties have neglected to assert their rights in a timely manner, it is not for the courts to interfere.

The order appealed from should be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. JENKS, P. J., and CARR and RICH, JJ., concur; Thomas, J., dissents.