# THE STATE ex rel. O. J. BURNS v. HOPKINS B. SHAIN, Judge of Circuit Court.

## In Banc, March 3, 1923.

1. **PROHIBITION:** Nuisance: Jurisdiction: Right of Prosecuting Attorney to Maintain. The question whether the State at the relation of a prosecuting attorney may maintain an action to abate a public ,nuisance is one to be raised and determined in the trial court, and does not go to jurisdiction, and the court's decision on that question does not furnish a basis for a writ of prohibition to restrain the court from further exercising its jurisdiction in the case.

2. ———: ———: Change of Venue: Dismissal. The prosecuting attorney in bringing a suit at the relation of the State to abate a nuisance is acting in his official capacity, and is clothed with authority to dismiss the proceeding if, in his judgment, such course is for the best interests of the public; and where he has dismissed the case, a contention that the trial court in denying defendant's previous application for a change of venue exceeded its authority is wholly irrelevant in a prohibition to restrain the trial court from making orders· in another like suit subsequently brought.

3. ———: Temporary Injunction: Denial of Change of Venue: Waiver. Where the defendant, upon the entry of a temporary injunction in the suit to abate a public nuisance, filed his application for a change of venue, but immediately withdrew it and filed a motion to dismiss the temporary order, he abandoned his application and waived the question whether the court exceeded its authority in refusing to him time to prepare and file an application for a change of venue before granting the temporary injunction. [*Per* WALKER, J.; WOODSON, C. J., and WHITE, J., concurring.]

4. ———: Insufficient Petition: Must Be Challenged in Trial Court. Prohibition on the ground that the petition for injunction does not state facts sufficient to constitute a cause of action is not available where the sufficiency of the petition, in a cause in which the trial court has jurisdiction of the subject-matter and the parties, has not been challenged in that court.

5. **PUBLIC NUISANCE:** Injunction: Trial by Jury. In a suit by injunction to abate a public nuisance, although as an incident
   297 Mo.—24

thereto the defendant may be made liable for the costs and the judgment may go against the property in which the nuisance is conducted, a denial of a trial by jury does not deprive the defendant of any constitutional right. The proceeding is not criminal, but purely equitable, and the provision of the Constitution (Secs. 22 and 28, art. 2) that the right of trial by jury as heretofore enjoyed does not apply to suits in equity in which no damages are asked.

6. ———: ———: Intoxicating Liquors: Statute: Violation of Temporary Order: Contempt. The statute declares that any house in which intoxicating liquor is sold or kept for sale is a public nuisance, and in providing that "if it be made to appear by affidavit, or otherwise, to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant" it but declares one of the many phases of the police power, and in no wise contravenes the discretion of the Legislature, in the exercise of that power, to employ means reasonably necessary for the suppression of the nuisance, and not unduly oppressive upon individuals; and a temporary injunction restraining defendant from selling and keeping for sale intoxicating liquors in a certain building violates none of his constitutional rights, and a violation of said temporary order may be punished as a contempt of court.

*Prohibition.*

PRELIMINARY RULE DISCHARGED.

*W. D. O'Bannon, Montgomery & Rucker* and *Paul Barnett* for relator.

(1) The court had no jurisdiction, after an application for a change of venue was filed, to grant a preliminary injunction, even though to create the appearance that the injunction was granted in a different case from the one in which the application for a change of venue was filed, the prosecuting attorney dismissed and refiled substantially the same petition. State ex rel. v. Dearing, 236 S. W. 629. This being a case where a temporary injunction was granted without bond, the Supreme Court will closely scrutinize the proceedings complained of and prohibit such proceedings if a legal wrong is about to be committed for which there is no adequate remedy by appeal or otherwise. State ex rel. v. Dearing, 236

S. W. 631; State ex rel. v. Lamb, 237 Mo. 455. (2) The court had no jurisdiction to issue an injunction in this case because the petition stated no cause of action. The rule in this State is that the court must not only have jurisdiction over cases of the class involved, but it must have jurisdiction to do the particular things done, which must be conferred by the particular petition on file. State ex rel. v. Wood, 155 Mo. 425; State ex rel. v. Tracey, 237 Mo. 109; State ex rel. v. Lamb, 237 Mo. 437. The petition upon which the preliminary injunction was based seeks to enforce a statute, and by the terms of that statute it is the building which is declared to be a public and common nuisance, and the person who maintains or assists in maintaining such a nuisance is declared guilty of a misdemeanor. Laws 1921, p. 414, sec. 6549a. The statute does not describe who are proper parties to an injunction suit brought under the act. Laws 1921, p. 115, sec. 6549b. The common law recognized buildings or other edifices dedicated to obnoxious, dangerous and unlawful purposes as nuisances, although a place where intoxicating liquors was sold was not a common nuisance at common law. However, though it be conceded that the Legislature had power to extend this class of nuisances by legislation, yet it has always been held that a suit to abate a nuisance must be brought against the owner of the fee and against all persons whose right, title or interest may be effected. Danner v. Holtz, 74 Iowa, 389; Eastman v. St. Anthony Falls, 12 Minn. 137; Brady v. Weeks, 3 Barb. 157; Hutchins v. Smith, 63 Barb. 251; 29 Cyc. 1238. Since the statute has only attempted to make the building a nuisance and there is no allegation that the defendant was the owner of the building, the petition simply amounts to an allegation that the defendant has violated the law by selling intoxicating liquors, and asks an injunction in order to deprive him of a right of trial by jury. A further reason why the court exceeded its jurisdiction in granting the injunction was because it was not made to appear by affidavit or otherwise to the satisfaction of the court, that a nuisance

existed; and since there was no right to grant the injunction at common law, the only right the court has to exercise the authority to grant the preliminary injunction is the statute, and the statute requires that before a preliminary injunction issues, it must be made to appear, by affidavit or otherwise, to the satisfaction of the court, that a nuisance exists. Laws 1921, p. 415, sec. 6594b. (3) While it is our contention that the statute upon which the injunction suit was brought only defines the building as a nuisance and does not authorize a suit against one not an owner of the building in which suit the owner is not joined as a defendant, yet, if the statute be construed to create any such right, it is unconstitutional for two reasons: First, it is in violation of the section of the Constitution which provides that in criminal prosecutions the accused shall have the right of a speedy trial by an impartial jury of the county, and, second, it is in violation of the constitutional provision that the right of trial by jury as heretofore enjoyed shall remain inviolate. Sec. 22, art. 2, Mo. Constitution; Sec. 28, art. 2, Mo. Constitution. If prior to the adoption of the constitution in 1875, defendant had a right to a jury trial, whether by common law or by statute, such right cannot be whittled away but must remain inviolate. Berry v. Railroad, 223 Mo. 358. Where the effect of a statute giving a remedy in equity for what was formerly a legal demand, is directly to defeat the right of trial by jury, the statute is void. McMillan v. Wiley, 45 Fla. 487; Wiggins v. Williams, 36 Fla. 637; Davis v. Settle, 43 W. Va. 17. While the court may declare by statue certain disorderly houses to be nuisances, which were not at common law, yet, the nuisance must be in the nature of nuisances as they were known at common law. It is the disorderly house that is the nuisance. A provision for prosecuting as for a nuisance, is not constitutional unless it is shown that there are repeated recurrences of the criminal acts and an inadequacy at law. 10 A. L. R. 1556; United States v. Cohen, 268 Fed. 420. A criminal act cannot be made a

nuisance by mere legislative declaration.   29 Cyc. 1197;
70 L. R. A. 1005.   Enlarging the powers of a court of
equity is a denial of a right of trial by jury.   24 Cyc.
182.

   *D. S. Lamm, Henry Lamm, J. D. Bohling* and *R. S.
Robertson* for respondent.

   (1)   If it is made to appear to the satisfaction of
the court, or judge in vacation, that such a nuisance
exists, as is alleged in the petition filed by the State of
Missouri asking an injunction, a temporary writ of in-
junction shall forthwith issue.   Sec. 6594b, Laws 1921,
p. 415.   (a) The case of State ex rel. v. Dearing, 236
S. W. 629, cited by plaintiff, is not in point; because that
was not brought under a statute, and particularly not
under a mandatory statute requiring the issuing of a
temporary injunction forthwith.   (b)   The right of a
change of venue is a purely statutory right, and when a
subsequent statute was passed by the Legislature im-
posing the mandatory duty upon the judge to grant a
temporary injunction forthwith, or give any other man-
datory relief, such statute takes from out of the purview
and effect of the change of venue statutes the right to
a change of venue until the judge has discharged such
mandatory duty.   (c)   Notwithstanding the notice that
was served upon the defendant, who is plaintiff herein
in the first petition for injunction, the court would have
the right—in fact, it would have been his duty—to have
granted a temporary injunction thereunder, had the
petition prayed for a temporary injunction, notwith-
standing that the defendant therein, who is now plain-
tiff, filed his application for change of venue prior to
the granting of the temporary injunction, as the statute
casts the mandatory duty on the judge when it appears
by affidavit or otherwise, to his satisfaction that the
nuisance exists.   (d)   The Legislature has seen fit to
create a distinction and a difference between a temporary
injunction sought under the circumstances here, and the

usual circumstances governing the granting of a temporary injunction, by casting a mandatory duty upon the judge to grant same forthwith when certain things appear to his satisfaction; and in so doing, has shown the plainest intent to deprive defendant of the right by dilatory pleas or motions to suspend the judge's right to grant the temporary injunction. This was no doubt done by the Legislature in view of the fact that such temporary injunction invaded none of defendant's rights, but only restrains him from doing that which is unlawful both under the state and national laws. By such temporary injunction it is not sought to close the building, nor does the law contemplate that the building shall be closed, but only that defendant shall be restrained from continuing the nuisance created by selling liquor in violation of the law. (e) The application for change of venue was finally filed and then withdrawn by relator. The matter was thus abandoned and had no further place in the case; for the maxim is, ''What is abandoned is the same as if it never existed.'' If the relator claims error in the case, in the refusal to allow him to file his first application for change of venue at a time when the court had not passed on the application for a temporary injunction, then he should have preserved the matter by a bill of exceptions, and he should have stood on his right to file such change of venue at the very outset; but he waived all that by finally filing his application for change of venue, and he lost all of his right by abandonment of his second application for change of venue. (2) The petition stated a cause of action, as it is not necessary under the law in question for the owner of the building to be joined as a party defendant, unless it is sought to create a lien upon the building or the owner's property to pay the fines and costs of the proceedings. Sec. 6594a, Laws 1921, p. 414. The whole intent and purpose of the statute, under which the injunction proceedings were brought, is that the person conducting such nuisance shall be enjoined, or prosecuted if under the criminal statute. Sec. 6594a, Laws 1921, p. 414; Sec. 6594b, Laws

1921, p. 414.  (a)  Even if it were necessary to join the owner of the building in order to close the building, the failure to do so would be a defense to the granting of a permanent injunction for that purpose, but not to the granting of the temporary injunction; because the temporary injunction does not attempt to close the building, but only restrains the continuing of the nuisance by the sale of or the keeping of the liquor; and by the express provisions of the statute, if the permanent injunction is restricted to such last mentioned purpose, there is certainly no necessity of joining the owner of the building. Sec. 6594b, Laws 1921, p. 415.  (b)  The statutes in question—6594a and 6594b, Laws of 1921, page 415—are not susceptible of the narrow construction that plaintiff seeks to give same, in that only the building is made a nuisance, as the liquor and the personal property therein are also by the express terms of those statutes made a nuisance. (c)  The mere insufficiency of a pleading is no ground for prohibition—such plea being amendable; and the proper procedure by the defendant therein would be to demur thereto and give the court a chance to pass on the sufficiency of the pleading in the first instance. Moreover, the sufficiency of the pleading or the order cannot be inquired into by prohibition where the court has jurisdiction over the subject-matter.  State ex rel. v. Lamb, 237 Mo. 437.  (3)  The statute in question, Section 6594b, Laws 1921, page 415, is not unconstitutional because of denying relator the right of a trial by jury, or for other reasons specified by relator.  20 R. C. L. sec. 97, p. 485; Lawton v. Steele, 152 U. S. 133; Ex parte Keeler, 31 L. R. A. 678; Commonwealth ex rel. Breathitt v. Respass, 21 L. R. A. (N. S.) 836; State ex rel. Rhodes v. Saunders, 18 L. R. A. 646; State v. Crawford, 28 Kan. 726; Balch v. Glenn, 119 Pac. 67; Eilenbecker v. Dist. Ct. of Plymouth Co., 134 U. S. 31.  (a)  The Congress has no power to pass a statute except when such power be granted by the Constitution of the United States.  To the contrary, the Legislature of the State of Missouri has power to pass any act not directly prohibited by the

Constitution; therefore, the right of a Legislature to pass an act declaring the illicit sale of liquor at a certain place a nuisance cannot be questioned. The doctrine of common law and nuisances is not germane to any question in this case. (b) It is not sought by the statute in question, or in the proceedings in question, to try plaintiff for any crime. The temporary injunction has reference solely to what may be done in the future; and if anything be done in the future to violate its terms, then relator may be cited to show cause why he should not be adjudged in contempt of court. Commonwealth ex rel. Breathitt v. Respass, 21 L. R. A. (N. S.) 839; Eilenbecker v. Plymouth Co. Dist. Ct., 134 U. S. 31. (c) While the Legislature has no right to arbitrarily declare that to be a nuisance which is clearly not so, yet a good deal must be left to its discretion in that regard; and, if the object to be accomplished is conducive to the public interest, it may exercise a large liberty of choice in the means employed. Ex parte Keeler, 31 L. R. A. 680. (d) By all the authorities liquor is declared to be an outlaw, and its sale is not conducive to public interest, and lowers public morality and breeds public disorder. (e) The temporary injunction is not so vague and indefinite as to render same inoperative, and courts will not inquire into the sufficiency of the order on a writ of prohibition. State ex rel. v. Lamb, 237 Mo. 437.

WALKER, J.—Relator, by an original action in this court, seeks to prohibit respondent as judge of the Thirteenth Judicial Circuit from continuing in force a temporary injunction and to restrain him from proceeding against the relator for contempt for the latter's violation of the temporary writ. On November 14, 1921, the prosecuting attorney of Pettis County filed in the circuit court of that county a suit entitled, "The State of Missouri ex rel. Prosecuting Attorney, plaintiff, v. O. J. Burns, defendant," in which it was alleged that the defendant was the occupant and in charge of a building in the city of Sedalia known as the Falstaff Hotel, wherein

he unlawfully sold and kept for barter and sale intoxicating liquors, and that the said building was then being used as a nuisance and should be enjoined and abated. On the filing of said petition, notice was served on the defendant that on the 19th day of November, 1921, plaintiff would apply to the court for an injunction against defendant to have said building declared a public and common nuisance and abated as such. The only relief sought was the closing of the building. On the same day the defendant made application for a change of venue. Immediately thereafter there was much discussion in open court between the contending parties not necessary or relevant in the determination of the matter at issue, and the prosecuting attorney dismissed the case. On the same day he filed another petition having the same title and parties as in the first. It contained the same averments as to the unlawful sale and keeping for sale of intoxicating liquors in the Falstaff Hotel, and prayed that the building and premises be declared a public and common nuisance and that it be abated by a permanent injunction and closed for a reasonable length of time. In addition it was prayed (which prayer was not in the first petition) that the defendant, his agents and servants be forthwith restrained from maintaining said nuisance until the conclusion of the trial and pending the final determination of the case. The distinguishing difference between the two cases is that in the first no temporary injunction was asked as it was in the second. The temporary injunction, however, was not sought to close the building but to restrain the defendant and his agents and servants from maintaining a nuisance, the closing of the building being left to the conclusion of the trial as to whether a permanent injunction should be issued.

Upon the filing of the second petition, the plaintiff asked the immediate issuance of a temporary injunction; whereupon defendant's attorney asked for time to file an application for a change of venue, which was denied, and a temporary injunction granted as prayed by plain-

tiff. After the entry of the order granting this writ, which restrained the defendants from conducting or maintaining the nuisance in the building, the defendant filed his application for a change of venue, but almost immediately withdrew the same, and filed a motion to dismiss the temporary restraining order. Thereafter, the troubled waters seem for a time to have become stilled, the record disclosing no further entries indicative of action until January 4, 1922, when the plaintiff (as prosecuting attorney) filed an application that the defendant be cited for contempt in violating the temporary restraining order or injunction. This citation was issued and the defendant brought into court. He thereupon filed an additional motion to dissolve the temporary restraining order, which motion was overruled. He then asked time within which to commence the action at bar, which was granted; and on the 12th day of January, 1922, he filed the petition in prohibition in this court. The alternative writ was granted, respondent made return thereto, a commissioner to take testimony was appointed and the same was taken. Included therein is a transcript of the record of the proceedings in the first case, which had been dismissed.

The propriety of the trial court's action in regard to the last-mentioned matter may, in the determination of the pertinent issues, become a subject for consideration.

I. Only an absence or an excessive exercise of jurisdiction will authorize prohibition. This rule as applied to the facts at bar will enable it to be determined whether the writ herein should be made permanent. The general jurisdiction of the circuit court over cases involving a violation of the law concerning the use and possession of intoxicating liquors is conferred by statute (Sec. 6594b, Laws 1921, p. 415), and a discussion of that power is therefore rendered unnecessary.

Jurisdiction.

There remains, however, the question as to whether

the court, although having a general jurisdiction over this class of cases, has exceeded it in the original action upon which this proceeding is based. [State ex rel. Bernero v. McQuillin, 246 Mo. 517, and cases p. 532.]

The writ prayed for cannot be made to perform the functions of an appeal or a writ of error. An attempt to secure its use in that behalf, as indicated by the record, renders a restatement of the rule relevant. [State ex rel. v. Fort, 210 Mo. 525 and cases; State ex rel. Buckingham Hotel Co. v. Kimmel, 183 S. W. (Mo. App.) l. c. 652; State ex rel. Aiken v. Buckner, 203 S. W. (Mo. App.) l. c. 243.]

A material question confronting us before considering defendant's contentions and one which it seems will suffice to determine this case is discussed in State ex rel. Thrash v. Lamb, 237 Mo. 437. It was held in that case that the question as to whether the State at the relation of the prosecuting attorney of a county may maintain an action to abate a public nuisance was one to be raised and determined in the trial court, and that it did not go to the jurisdiction of the court; and as a consequence its decision thereon did not furnish a basis for prohibition to restrain the court from the further exercise of jurisdiction in the case.

**Prosecuting Attorney: Right to Maintain or Dismiss Suit.**

Regardless of this ruling, however, we have reviewed in their order the defendant's contentions. It is urged that the trial court exceeded its authority in not sustaining the application for a change of venue in the first suit brought by the prosecuting attorney, which was dismissed by him with the approval of the court. The prosecuting attorney in bringing the suit was acting in his official capacity and, as a consequence, he was clothed with such discretion as to authorize him to dismiss the proceeding if, in his judgment, such course was for the best interests of the public. Empowered to thus dispose of the action, controversy as to the regularity of that proceeding is foreclosed; and the presentation and discussion of the court's action in that behalf are ir-

relevant. No adjudication having been made in the first case other than the judgment of dismissal, the parties were left to litigate the issues as though no action had been commenced. [Harrison v. Rem. Paper Co., 140 Fed. 385, 72 C. C. A. 405, 5 Ann. Cas. 314, 3 L. R. A. (N. S.) 954.]

II. It is further contended that the trial court exceeded its powers in refusing to give the defendant time to prepare and file an application for a change of venue in the second case before granting the temporary restraining order prayed for by the prosecuting attorney. Whether or not this was a proper exercise of the court's powers is rendered unnecessary of solution by the defendant's own action. The record discloses that the defendant, upon the entry of the temporary restraining order by the court, filed the application for a change of venue, but immediately thereafter withdrew the same and filed a motion to dismiss the temporary order. This constituted an abandonment of the application and a waiver of objections to the validity of the court's action.

**Change of Venue.**

The ruling of a trial court will not be held to be error where it appears that the matter ruled upon was abandoned by the complaining party in pursuing another and different course from that upon which the assignment was based. [State ex rel. Kimbrell v. People's Ice Co., 246 Mo. 168.] Not only did the defendant abandon his application but cleared the way for this course by withdrawing it from the court's consideration.

Further than this, the improper granting or refusal of a change of venue is a matter of exception. None was preserved in this case. [In re Drainage District v. Richardson, 227 Mo. 252; State ex rel. v. Riley, 203 Mo. 175; State ex rel. v. Evans, 184 Mo. 632; Littleton v. Burgess, 16 Wyo. 58, 16 L. R. A. (N. S.) 49.]

III. The right to the writ is invoked on the ground that the petition for injunction filed by the prosecuting

attorney does not state facts sufficient to constitute a
cause of action. The sufficiency of the peti-
**Insufficient
Petition.**  tion was not challenged in the trial court.
Under such circumstances, prohibition will
not lie. Having jurisdiction of the subject-matter and
the parties, this court must presume that the trial court,
if afforded an opportunity to rule upon a demurrer or
a motion to make more definite and certain, will rule cor-
rectly. As we said in effect in State ex rel. Warde v. Mc-
Quillin, 262 Mo. l. c. 268, it will not do for us to an-
ticipate the rulings of the judge upon the sufficiency of
the pleadings or on the facts, or to imagine errors in his
future rulings and take over jurisdiction to ourselves,
not only as to the sufficiency of the pleadings but on the
merits, as intermediate steps to arrest the progress of
a case pending below.

To the same effect it was said in the Warde Case:
"On prohibition the determinative question is not one
of mere pleading below, where pleadings are amendable
(and often need amendment). It rises to the dignity of
one of jurisdiction in the strictest sense. In that view of
it, in Schubach v. McDonald, 179 Mo. l. c. 182, are per-
tinent observations, viz.: 'The matter, therefore, com-
presses itself into the question whether or not a basic
subject-matter, over which a court of equity has juris-
diction, was presented to the circuit court for adjudica-
tion by the injunction suits. That is, whether a matter
was presented which that court has power to deal with,
and not whether such a matter was inartificially or de-
fectively presented. In other words, the question is one
of jurisdiction and not of pleading, for if the court had
jurisdiction over the subject-matter, it had the power to
decide whether the pleadings were or were not properly
drawn, and also to decide whether or not the plaintiff
was entitled to the relief sought. If a court has the
power to act, its jurisdiction is in no wise impaired by
the consideration whether it acted in accordance with the
law or erroneously. Given the jurisdiction, all else is a
mere matter of error, to be corrected on appeal. Or,

further illustrated, if the court has jurisdiction over the subject-matter, it has the power to decide whether the petition does or does not state a cause of action, and the mere failure of a petition to state a cause of action or the defective statement of a good cause of action, in no way affects the jurisdiction of the court.' "

IV. It is contended that the court exceeded its powers in denying the defendant the right to a trial by jury. In support of this contention it is urged that this right, as accorded by the State Constitution (Secs. 22 and 28, Art. 2), has been violated. Section 22 has reference solely to criminal cases. It has no application here because this is purely an equitable proceeding. [Sec. 6594b, Laws 1921, p. 415.] Section 28 has reference to the inviolability of the right to a jury trial as heretofore enjoyed. This means that the right as it existed at common law is not to be impaired. This guaranty has not been held to apply to cases in equity. [State ex rel. Thrash v. Lamb, 237 Mo. 437, 141 S. W. 665; State ex rel. v. Canty, 207 Mo. 439.] To give concrete application to the rule, where the application is for an injunction to abate a public nuisance, no damages being asked, the constitutional guaranty does not apply. [Ex parte Keeler, 45 S. C. 537, 31 L. R. A. 678.] Where, as in the instant case, relief is sought in the abatement of a nuisance, although as an incident thereto the defendant may be made liable for the costs and the judgment therefor may go against the property used in carrying on the nuisance, if no other damage or relief is sought, the defendant is not entitled to a jury. [King v. Commonwealth, 238 S. W. (Ky.) 373.]

The opinion in the King Case, supra, contains a compilation and discussion of numerous cases from different jurisdictions which uniformly sustain the rule as announced.

The cases cited by respondent (McMillan v. Wiley, 45 Fla. 487; Wiggins v. Williams, 36 Fla. 637; Davis v. Settle, 43 W. Va. 17) that where the effect of a stat-

ute was to give a remedy in equity for what was formerly a legal demand has no application here. A proceeding to abate a public nuisance is inherent in courts of equity and cannot be divested although 'such acts may entail a violation of the criminal law. [State ex rel. Kleinschmidt v. Jones, 277 Mo. 71; State ex rel. Railroad v. Woolfolk, 269 Mo. 389; State ex rel. Gibson v. Railroad, 191 S. W. (Mo.) 1051.] The supplementary contention therefore that the statute (Sec. 6594, supra) is unconstitutional in that it denies the right to a trial by jury is without merit, as no such right exists in a proceeding of this character.

V. In considering the validity of the statute it should be borne in mind that it does not provide, nor is it sought in this proceeding, to try the defendant for a crime. The temporary writ granted herein can have reference only to what may be done in the future. If its terms be violated, the defendant (relator here) may be cited to answer for such violation.

The statute provides "if it be made to appear by affidavit, or otherwise to the satisfaction of the court, or judge in vacation, that such nuisance exists a temporary writ of injunction shall forthwith issue restraining the defendant," etc.

This statute is but a declaration of one of the many phases of the police power, which is conceded to include everything essential to the preservation of the public health, safety and morals. Included within the exercise of this power is the abatement of nuisances by summary proceedings if the same be found within the purview of the statute.

In the exercise of this power a particular discretion is vested in the Legislature in framing the statute, and also in the courts in the enforcement of same. Two cardinal rules are to be observed in the exercise of this power on behalf of the public: One is that the interests of the public demand the interference; and the other that the means employed be reasonably necessary for the accomplishment of the purpose in view and not unduly oppressive upon individuals. In the presence of

these conditions, in no wise contravened by the terms of the statute, the right to exercise the power therein defined is not subject to question.

The enforcement of the statute not having been shown to be in excess of the power conferred and defendant having been deprived of no constitutional right, the preliminary writ issued herein should be discharged, and it is so ordered. *Woodson, C. J.,* and *White, J.,* concur; *David E. Blair, J.,* concurs except in paragraph 2; *James T. Blair* and *Graves, JJ.,* dissent; *Ragland, J.,* not sitting.