STATE OF WYOMING EX REL. D. R. HIGLEY v.
DISTRICT COURT OF CARBON COUNTY, ET AL.

(No. 1610; Oct. 17, 1929; 281 Pac. 196)

2

For the relator there was a brief by *D. R. Higley* of Rawlins, Wyoming.

For the defendants there was a brief by *Dillon, Ellery* and *Spencer* and *J. C. O'Mahoney* of Cheyenne, and *Thos. W. O'Hara* of Rawlins.

4

BLUME, Chief Justice.

An application on the relation of D. R. Higley has been presented for a writ of prohibition against the District Court of the Second Judicial District and V. J. Tidball, judge thereof. Before acting upon the application, it was deemed advisable to call for briefs and a list of the authorities bearing upon the point in question here. These briefs and authorities have been furnished by counsel for the respective interested parties. The facts are as follows: On December 20, 1928, the relator, as administrator of the estate of Katherine Ruth Higley, deceased, commenced an action for damages in the District Court of Carbon county against C. W. Jeffrey and E. A. Kell, as defendants. Answers in the cause were filed on March 15 and 16, 1929, and a reply thereto on March 27, 1929. On March 28, 1929, C. W. Jeffrey, and on April 4, 1929, E. A. Kell, filed an application for a change of venue in the cause on the ground of local prejudice. These applications were in due form and within the time required by statute. On July 26, 1929, and before any order had been made to change the venue, the defendants in the cause above mentioned filed a withdrawal in writing of their respective applications therefor. They were permitted to do so by an

order of the District Court entered on September 6, 1929, over the objection, however, of the relator, and it was ordered by the court that the cause stand for further proceedings in the District Court of Carbon county. The application for a writ of prohibition is based on the theory that when the applications for a change of venue were filed, the District Court of Carbon county lost jurisdiction of the cause, except only to make an order changing the venue, and that the applications for such change could not be subsequently withdrawn by the parties who made them.

The relator relies upon the language used in the case of Perkins v. McDowell, 3 Wyo. 204, 19 Pac. 440, where the court said that the statute provides that when an affidavit is filed by a party setting out the prejudice of the people of the county in the terms required by the statute the change must be granted; that the statute is mandatory and leaves nothing to the discretion of the court. And he also points to the case of Huhn v. Quinn, 21 Wyo. 51, 58, 128 Pac. 514, which involved a change of judge and wherein it was said that if a proper affidavit is filed, it divests the presiding judge of further jurisdiction other than to call in another district judge of the state to preside in the trial of the case. Authorities are cited also from other jurisdictions in which the holding is similar to that in the two cases above mentioned. These cases, however, must be construed in the light of the fact that the applicant for a change of venue persisted in his demand and never withdrew it, while in the instant case the applications were withdrawn before any action was taken thereon, and hence these cases are not in point. It has often been held that the right to a change of venue is a personal privilege which may be waived. State v. Superior Court, 113 Wash. 253, 193 Pac. 678; Hosmer v. New York Buyers, (Tex. Civ. App.) 258 S. W. 853; Dembitz v. Orange County Traction Co., 147 App. Div. 583, 132

N. Y. S. 593; Kingsbury v. Vreeland, 58 Colo. 212, 144 Pac. 887; Terre Haute Brewing Co. v. Ward, 56 Ind. App. 155, 102 N. E. 395, 105 N. E. 58; State ex rel. v. Shain, 297 Mo. 369, 248 S. W. 591. And while Section 6419, Wyo. Comp. Stat. 1920, which provides for a change of venue on account of local prejudice, is mandatory, the statute itself provides a method by which the application may be abandoned, for Section 6421, Wyo. Comp. Stat. 1920, provides that the party applying for a change must pay the cost thereof within ten days after the order directing the change is made, and must also, within that time, file a bond to the effect that he will pay all costs that may be adjudged against him in such case, and that unless these conditions are complied with, the application shall be deemed to be abandoned. This, of course, indicates very clearly that jurisdiction of the cause, other than ordering a change, is lost by the court which is applied to for a change of venue only conditionally, namely, upon the condition that the application for such change fully complies with the requirements stated in the statue. And that is further indicated by the fact that Section 6426, Wyo. Comp. Stat. 1920, as amended by Chapter 2, Session Laws 1923, provides that the jurisdiction of the court to which the change is directed is complete upon the filing of original papers and transcript in the clerk's office in that court. The party applying for the change, accordingly, has it in his power, even after an order for a change of venue has been made, to abandon the application by merely refusing or failing to furnish a bond and pay the costs as provided by the statute. Where this is true, upon what theory can we decide that he may not abandon the application prior to that time, particularly in view of the fact that it is generally held by the courts, as above stated, that a change of venue is a privilege which may be waived? It was pointed out in the case of State ex rel. Poston v. District Court, 39 Wyo. 24, 269 Pac. 35, that the statutes of

Indiana and Missouri are similar to the provisions of our own statute, and the cases from these states are therefore persuasive on the point in question. We have already cited a Missouri and an Indiana case, supra, which hold that an applicant for a change of venue may waive and abandon his application. In the case of Smith v. Smith, 3 Ind. 303, the court said:

"The transcript shows that after the order for a change of venue was made, the cause remained in the court in which the order was made, and was continued from term to term for several terms. The parties, after those continuances, appeared in court by their respective attorneys, and submitted their cause to the jury, upon whose verdict the judgment now in question was rendered. It is plain, therefore, that the defendant waived the right of removing the cause under the order they had obtained."

Of course, if the mere application for a change of venue completely divested the court of all jurisdiction, as contended by the relator, the judgment in this case would have been completely void.

An interesting case upon the subject is that of Michigan Mutual Life Insurance Company v. Naugle, 130 Ind. 79, 29 N. E. 393, 394. In that case, the defendant below applied for a change of venue and an order was made granting it. He, however, failed to pay the costs within the time specified by the statute, but the plaintiff in that case paid them and caused the papers to be transmitted to the clerk of the county to which the change had been granted. Thereafter an application was made by the defendant to remand the cause to the original county, contending that the plaintiff had no right to pay the costs; that only the applicant for such change had such right; that he had the further right to waive the application and that he did so by not paying the costs. The Supreme Court held that the plaintiff in the case was not compelled to wait until the expiration of the statutory time to ascertain whether or not the applicant for the change would pay the costs, and that in-

asmuch as the application had been made by the defendant, he could not be prejudiced by the fact that the change was completed by the opposite party. But the court proceeds further to say:

"We wish it understood, however, that what is said above is limited to cases like that before us, where the only evidence of waiver is the mere neglect or failure of the party to avail himself of the change granted. We do not wish to be understood as holding that a party may not, after he has been granted a change of venue, in open court and before the change is perfected, make such waiver of the right as will result in leaving the cause still pending in that court, to be removed only on application of some other party. While we do not decide that question, because not before us in this case, we are inclined to the opinion that, while the order granting the change would bar the right of the party to any further change of county, nevertheless he may thus waive the actual removal of the cause out of the county on his application, after which waiver the opposite party would have no right to perfect it."

Taking into consideration all the various provisions of our statute and in view of the authorities above cited, it would seem clear that the application for a writ of prohibition would ultimately have to be denied; that accordingly the application for an alternative writ would result in no good, and should be refused. The application has been considered by all of the members of the court, and all concur.

*Application Denied.*

KIMBALL and RINER, JJ., concur.