STATE EX REL. CITY OF CHEYENNE v. DISTRICT
COURT OF SIXTH JUDICIAL DISTRICT WITH-
IN AND FOR GOSHEN COUNTY, ET AL.
(No. 1694; Dec. 30, 1930; 294 Pac. 779)

The cause was argued orally by *M. A. Kline, W. C. Kinkead, of Kinkead & Pearson,* and *H. B. Henderson, Jr.,* all of Cheyenne, Wyoming, for the relator, and by *G. R. Hagens,* of *Hagens & Murane,* of Casper, Wyoming, for the respondents. The cause was submitted without briefs.

BLUME, Chief Justice.

This is an original proceeding for a writ of prohibition. On October 21, 1929, one C. R. Inman commenced an action in the District Court of Laramie County, Wyoming, against the City of Cheyenne, the relator herein, asking to recover from the relator in his first cause of action the sum of $95,894.47; in the second cause of action the sum of $93,682.77; in his third cause of action the sum of $157,-896.76; and in his fourth cause of action the sum of $189,577.74, the indebtedness arising out of and in connection with the construction of a sewer in the City of Cheyenne, the petition filed in the cause containing nearly two hundred pages of typewritten matter. It is conceded that the case is somewhat involved, would take several days to try, and that a great number of witnesses would be summoned in the action. The defendant filed a counterclaim in the action in the sum of well over $100,000. The Hon. Harry P. Ilsley, judge of the 7th judicial district, was called in to sit in the case. On June 18, 1930, on motion and affidavit of Inman for change of venue from Laramie County, the case was directed to be transferred to Goshen County. A transcript of the proceedings and the papers in the case were immediately thereafter sent by the clerk of the District Court of Laramie County to the clerk of the District Court of Goshen County, and the papers were received by the latter on June 28, 1930. In

the meantime the bond required by statute on change of venue was also duly given. The case, however, was not filed or docketed by the clerk of the District Court of Goshen County on account of non-payment of fees until November 28, 1930, five months after the papers had been received. By order of November 22, 1930, the cause was set down for trial on December 3, 1930. At that time objections were filed to the jurisdiction of the District Court of Goshen County, based on the fact that the venue of the case had not been perfected and the change had been abandoned because the case was not filed and docketed in Goshen County until November 28, 1930. The objections were overruled and the case reset for trial on December 22, 1930. Thereupon a petition was filed in this court for a writ of prohibition. Counsel for relator and for Inman and the defendants in this proceeding appeared. The cause was fully argued, and it was agreed that a permanent writ might be issued if the court should find that any writ should be issued at all.

1. We held in the case of State ex rel. Higley v. District Court, 41 Wyo. 1, 281 Pac. 196, that an order changing the venue in a case is conditional and becomes effective only when the requirements of the statute are complied with. And the authorities all seem to hold that the acts necessary to perfect a change must be performed within the time prescribed by law or within a reasonable time. 40 Cyc. 174-175. Section 1160, Wyo. C. S. 1920, provides that all fees prescribed by statute for civil business shall be collected in advance by the clerk of the District Court and paid to the treasurer of the county at the end of each month, and that such clerk shall be liable on his bond for the collection and payment of such fees. Section 1161, Wyo. C. S. 1920, among other things, provides that the docket fee in each case filed shall be $5.00; that for indexing and docketing the case the clerk shall

charge one dollar, and for filing each paper, etc., ten cents. We do not think that the bond given upon a change of venue covers or takes the place of the fees which the clerk is required to collect in advance, and, without deciding that the docket fees of $5.00 must be paid, we think that it was the duty of the party taking the change, in order to have his case docketed, to pay the fee required for filing the papers and have the cause indexed and docketed as above mentioned, and that the clerk was not bound to perform his duties in that connection until that was done. It becomes important, then, to determine as to whether time is material. Section 6421, Wyo. C. S. 1920, as amended by Ch. 64, S. L. 1927, among other things provides that when the change is taken

"The clerk of the court in which the suit is pending shall forthwith transmit the papers and transcript of the proceedings in the case to the clerk of the court to which the venue is changed, the party applying for the change first paying the costs thereof, which payment must be made within ten days after the order directing the change, or the application shall be deemed abandoned, and the clerk of the proper court shall receive the papers and *docket the cause in its order,* and the action shall stand for trial, and shall be tried or otherwise disposed of as if it had originated in that court; provided, however, that the change of venue shall be deemed abandoned unless the applicant shall also, within the ten (10) days aforesaid, give an undertaking to the opposite party, with sufficient sureties to be approved by the clerk of the court, to the effect that he will pay all costs that may be adjudged against him in such cases; and if the abandonment is by the plaintiff, the cause shall be considered discontinued and the costs taxed against said plaintiff and judgment therefor rendered."

Section 6426, Wyo. C. S. 1920, as amended by Chapter 2, S. L. 1923, provides that the jurisdiction of the court to which the change is directed is complete upon the filing of the original papers and transcript in the office of the

clerk of that court and that the case shall stand for trial as if it had originated in that court.

It is not necessary to determine whether or not the fees collectible in this case by the clerk of the District Court of Goshen County was required to be paid within ten days. We think, however, that a definite time is indicated in the statute aside from that, for it provides that after the papers have been transmitted, the clerk of the court to which the case has been transferred shall docket the cause *in its order*. That evidently means that it shall be docketed before other cases come in. Such cases may come in at any time, and the only construction, accordingly, that we can give to this provision of the statute is that it contemplates that the cause shall be docketed in the county to which the case has been transferred promptly and immediately or substantially immediately, after the transfer has been made and the papers have been transmitted, and this includes, of course, the necessity for the party taking the change to pay the required fees above mentioned at that time. These fees were not paid, and the papers were not filed and the case was not docketed, for a period of five months. This time was too long, and in the absence of waiver, and in the face of the objections promptly thereafter filed in this case, after it was docketed in Goshen County, the jurisdiction of the court of that county cannot be said to have attached within the time required by law, and the conditional order for the change cannot be said to have come into operation.

The statute above quoted contemplates a dismissal in certain cases when a change of venue has been abandoned. The provision is drastic and should not be extended by construction. It is doubtful that it applies to a situation such as is presented here. We are, however, saved the trouble of determining the matter, for the reason that counsel for the relator voluntarily waived the right of dismissal, if it exists, and consented to an order that the

case should be remanded to the District Court of Laramie County as though no order for a change had ever been made. A writ has accordingly been issued directing the District Court of Goshen County to proceed no further in the case other than to enter an order remanding it to Laramie County for trial and further proceedings, as though no order for a change of venue had been made in the case. We might add that the question of procedure in the case before this court has not been discussed and we have not, accordingly, found it necessary to consider the matter.

*Petition for Writ of Prohibition Granted and Writ Issued.*

KIMBALL and RINER, JJ., concur.